PER CURIAM.
 

 The Florida Criminal Procedure Rules Committee has filed with the Court its triennial report of regular-cycle proposed rule amendments in accordance with Florida Rule of Judicial Administration 2.140(b)(4). We have jurisdiction.
 
 See
 
 art. Y, § 2(a), Fla. Const.
 

 Background
 

 The Committee proposes amendments to Florida Rules of Criminal Procedure 3.131 (Pretrial Release); 3.132 (Pretrial Detention); 3.190 (Pretrial Motions); 3.191 (Speedy Trial); 3.203 (Defendant’s Mental Retardation as a Bar to Imposition of the Death Penalty); 3.210 (Incompetence to Proceed: Procedure for Raising the Issue); 3.211 (Competence to Proceed: Scope of Examination and Report); 3.216 (Insanity at Time of Offense or Probation or Community Control Violation: Notice and Appointment of Experts); 3.220 (Discovery); 3.231 (Substitution of Judge); 3.240 (Change of Venue); 3.800 (Correction, Reduction, and Modification of Sentences); 3.851 (Collateral Relief After Death Sentence has been Imposed and Affirmed on Direct Appeal); 3.852 (Capital Postconviction Public Records Production); 3.853 (Motion for Postconviction DNA Testing); and 3.986 (Forms Related to Judgment and Sentence). In addition, the Committee proposes new rule 3.192 (Motions for Rehearing), an amendment to the title of Part VII (Disqualification and Substitution of Judge), and deletion of rule 3.984 (Application for Criminal Indigent Status).
 

 In accordance with rule 2.140(b)(2), the Committee published its proposals for comment prior to filing them here in July 2008. No comments were received. The Committee also submitted the proposals to the Board of Governors of The Florida Bar, which voted unanimously to approve
 
 *535
 
 the proposals.
 
 See
 
 Fla. R. Jud. Admin. 2.140(b)(3). We republished the proposals, which appeared in the March 1, 2009, edition of
 
 The Florida Bar News.
 

 The Florida Public Defender Association (FPDA) filed a comment, indicating its concerns with several of the rules proposals. In its response, the Committee agreed with some of the FPDA’s suggestions but reaffirmed some of its original proposals. After reviewing the proposals, comment, and response, and upon consideration of the oral arguments heard in this case, we hereby (1) adopt with modifications the Committee’s proposed amendments to rules 3.131, 3.191, 3.852, and 3.986; (2) adopt as proposed rules 3.190, 3.192, 3.203, 3.210, 3.211, 3.216, 3.220, 3.231, 3.240, 3.800, and 3.851; (3) decline to delete rule 3.984, the Application for Determination of Indigent Status; and (4) sua sponte amend rule 3.172. We have addressed the amendments to rule 3.132, Pretrial Detention, by separate opinion.
 
 [1]
 
 We thank the Committee for its hard work under the capable leadership of its chair, Thomas Bateman, III, noting that most of the proposals were unanimously approved by the Committee.
 

 Amendments
 

 The first proposal addresses amendments to rule 3.131(a) (Right to Pretrial Release) to reflect that, pursuant to section 903.047(2), Florida Statutes (2009), a condition of pretrial release is that the defendant shall have no contact with the victim except for authorized pretrial discovery. The FPDA has pointed out that the proposed rule omits language from that same statute providing that the mandatory “no contact” provision may be modified if good cause is shown and the interests of justice so require. Although the statutory language need not always be incorporated into our rules, we agree with the FPDA that by amending the rule to include the “no contact” provision as a condition of pretrial release, the rule should also include a procedure to allow for the possibility of modification in accordance with the statute. Accordingly, we modify the Committee’s proposal to include the following additional language in accordance with section 903.045(2) pertaining to modification of the condition of no contact with the victim:
 

 Upon motion by the defendant when bail is set, or upon later motion properly noticed pursuant to law, the court may modify the condition regarding victim contact if good cause is shown and the interests of justice so require. The victim shall be permitted to be heard at any proceeding in which such modification is considered, and the state attorney shall notify the victim of the provisions of this subsection and of the pendency of any such proceeding.
 

 Rule 3.190 (Pretrial Motions) is amended largely to correct technical issues, including deleting the definition for the phrase “order quashing,” currently in subdivision (f), because section 924.07, Florida Statutes (2009), Appeal by state, no longer refers to “quashing”; renumbering subdivisions (g) through (k); and specifically identifying the contents required to be included in a motion to suppress a confession or admission illegally obtained.
 

 Subdivision (i)(4) (When Time May Be Expanded) of rule 3.191 (Speedy Trial) is amended to permit extending the speedy trial period for DNA testing ordered on
 
 *536
 
 the defendant’s behalf pursuant to section 925.12(2), Florida Statutes (2009).
 

 As to this rule, we adopt the suggestion by the FPDA that we clarify the rule to state that the court may postpone the proceeding on the defendant’s behalf “upon the defendant’s motion specifying the physical evidence to be tested.” This is in accordance with the intent of section 925.12(4). We also amend rule 3.172(d) on our own motion to provide: “If such physical evidence is known to exist, upon defendant’s motion specifying the physical evidence to be tested, the court may postpone the proceeding and order DNA testing.”
 

 We next address proposed rule 3.192 (Motions for Rehearing), which is an entirely new rule. This rule would authorize the State to file a motion for rehearing from any order that is currently appeal-able by the State as an interlocutory appeal under Florida Rule of Appellate Procedure 9.140(c) or sections 924.07 or 924.071, Florida Statutes (2009). Rule 3.192 expressly states what shall be included in a motion for rehearing. The rule provides strict time limits for filing a motion for rehearing, for the defendant to file a response, and for the trial court to rule on the motion. The rule further provides that the time for filing the appeal is tolled during pendency of the motion for rehearing. The FPDA opposes adoption of new rule 3.192, asserting that the rule would “delay the trial for a month before any notice of appeal is filed, resulting in further delay of the defendant’s right to speedy trial.” It expresses further concern that the proposed rule would apply not only to authorized appealable nonfinal orders but also more broadly. The Committee, which approved this proposal unanimously, concluded that allowing the State to seek rehearing of orders that the state may appeal before trial could obviate the need for the appeal in some cases.
 

 We have considered the arguments on both sides and defer to the collective expertise of the Committee that the rehearing rule will advance, rather than frustrate, the interests of justice. We also expressly note that this rule does
 
 not
 
 authorize or expand the category of authorized nonfinal appeals by the State. Further, to ensure that the time for appeal is not unduly delayed, we modify the Committee’s proposal to add a time period after which the trial court’s order is deemed denied if no written order is entered. This addition is in response to the FPDA’s concern that the motion for rehearing not unduly delay the proceedings. We have further added language in rule 3.192 to make clear that a timely motion for rehearing stays rendition of the trial court’s order for purposes of appellate review until a written order denying the motion for rehearing is entered or no later than forty days from the date of the order of which rehearing is sought. (The maximum time of forty days that rendition is stayed attempts to take into account situations where the defendant files a response following service of the motion by mail and the operation of rule 3.070, Additional Time after Service by Mail.)
 

 Rule 3.203 (Defendant’s Mental Retardation as a Bar to Imposition of the Death Penalty) is amended to correct technical issues. Subdivision (b) corrects the citation to the Department of Children and Family Services’ rule setting forth its authorized standardized IQ test, to Rule 65G-4.011, Florida Administrative Code. Subdivision (d) is amended to remove obsolete references to time periods in 2004, while leaving intact the requirement that a motion for a determination of mental retardation as a bar to imposition of the death penalty shall be filed not later than ninety days prior to trial or as ordered by the court.
 

 
 *537
 
 Subdivision (b) (Motion for Examination) of rule 3.210 (Incompetence to Proceed: Procedure for Raising the Issue) is amended to reflect statutory changes relating to funding of experts and examinations to determine mental competency.
 

 Rule 3.211 (Competence to Proceed: Scope of Examination and Report) is amended to delete subdivision (c), which pertains to court-ordered expert examination when the defendant flies a notice of intent to rely on the defense of insanity. Subdivisions (d) and (e) are renumbered.
 

 Rule 3.216 (Insanity at Time of Offense or Probation or Community Control Violation: Notice and Appointment of Experts) is amended to comport with the funding changes from county government to the state.
 

 Subdivision (b)(1)(A)® of Rule 3.220 (Discovery) is amended to remove the reference to expert witnesses who will give testimony that will have to meet the test set out in
 
 Frye v. United States,
 
 293 F. 1013 (D.C.Cir.1923). Subdivision (b)(l)(L) is added to reflect that the prosecutor’s discovery obligation includes “any tangible paper, objects or substances in the possession of law enforcement that could be tested for DNA.” Subdivision (h)(2) is amended to reflect the current funding scheme in respect to transcripts of discovery depositions; subdivision (h)(5) clarifies that law enforcement officers served notice to appear for depositions may be adjudged in contempt of court for failure to appear; and subdivision (h)(8) is amended to permit any witness to provide a statement by telephone in lieu of deposition upon consent of the parties and consent of the witness. Lastly, subdivision (o), pertaining to costs of indigents, is removed.
 

 Part VII, Disqualification and Substitution of Judge, is amended to remove the phrase “Disqualification and” from the title. The only rule in Part VII, rule 3.231, addressed substitution of a judge. Accordingly, it is appropriate that Part VII be retitled “Substitution of Judge.”
 

 Rule 3.231 (Substitution of Judge) is amended to include the requirement that in death penalty sentencing proceedings, “a successor judge who did not hear the evidence during the penalty phase of the trial shall conduct a new sentencing proceeding before a new jury.” The amendment is consistent with Florida Rule of Criminal Procedure 3.700(c)(2) and
 
 Corbett v. State,
 
 602 So.2d 1240, 1244 (Fla.1992), both of which provide the same.
 

 Subdivision (g) (Attendance by Witnesses) of rule 3.240 (Change of Venue) is amended to include plain English and to reflect that a witness’s failure to attend a proceeding for which the witness is lawfully required to attend but which has been removed to another venue, upon notice of the removal, may be adjudged in contempt of court for refusal to attend.
 

 Subdivision (b)(2) of rule 3.800 (Correction, Reduction, and Modification of Sentences) is amended to correct a cross-reference to rule 9.140(d), Withdrawal of Defense Counsel after Judgment and Sentence or after Appeal by State.
 

 Subdivision (i)(9) of rule 3.851 (Collateral Relief After Death Sentence has been Imposed and Affirmed on Direct Appeal) is amended to correct a cross-reference to Florida Rule of Appellate Procedure 9.142(b) (Petition Seeking Review of Non-final Orders in Death Penalty Postconviction Proceedings).
 

 Rule 3.852 (Capital Postconviction Public Records Production) is amended to correct statutory references.
 

 Subdivision (c)(4) of rule 3.853 (Motion for Postconviction DNA Testing) is amended to reflect that counsel may be appointed to assist the movant upon a determination
 
 *538
 
 of indigency pursuant to section 27.52, Florida Statutes (2009).
 

 We decline to delete rule 3.984 (Application for Criminal Indigent Status) as suggested by the Committee, in light of our recent approval of the form in
 
 In re Approval of Application for Determination of Indigent Status Form For Use by Clerks & Amendment to Florida Rule of Criminal Procedure 3.981,
 
 5 So.Sd 662 (Fla.2009). However, we recognize that the Committee is
 
 no longer
 
 responsible for proposing amendments to rule 3.984, because the Florida Clerks of Court Operations Corporation is responsible for developing the form and obtaining final approval from the Court.
 
 See
 
 § 27.52(1), Fla. Stat. (2009).
 

 Subdivision (c) (Forms for Charges, Costs, and Fees) of rule 3.986 (Forms Related to Judgment and Sentence) is amended to correct statutory references and to remove obsolete statutory references.
 
 [2]
 
 Subdivision (d) of rule 3.986 (Form for Sentencing) of the rule is also amended and includes corrected statutory citations, with a qualifying parenthetical where applicable, e.g., “Offenses committed before January 1, 1994,” and adds a section for including sexual offender/sexual predator determinations pursuant to chapter 2007-209, §§ 1-2, Laws of Florida.
 

 We hereby adopt the amendments to the Florida Rules of Criminal Procedure as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. All amendments set forth in the appendix shall become effective on January 1, 2010, at 12:01 a.m.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 APPENDIX
 

 RULE 3.131. PRETRIAL RELEASE
 

 (a) Right to Pretrial Release. Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions. As a condition of pretrial release, whether such release is by surety bail bond or recognizance bond or in some other form, the defendant shall refrain from any contact of any type with the victim, except through pretrial discovery pursuant to the Florida Rules of Criminal Procedure and shall comply with all conditions of pretrial release as ordered by the court. Upon motion by the defendant when bail is set, or upon later motion properly noticed pursuant to law, the court may modify the condition precluding victim contact if good cause is shown and the interests of justice so require. The victim shall be permitted to be heard at any proceeding in which such modification is considered, and the state attorney shall notify the victim of the provisions of this subsection and of the pendency of any such proceeding. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity
 
 *539
 
 of the judicial process, the accused may be detained.
 

 (b) Hearing at First Appearance— Conditions of Release.
 

 (1) [No change]
 

 (2) The judge shall at the defendant’s first appearance consider all available relevant factors to determine what form of release is necessary to assure the defendant’s appearance. If a monetary bail is required, the judge shall determine the amount. Any judge setting or granting monetary bond shall set a separate and specific bail amount for each charge or offense. When bail is posted each charge or offense requires a separate bond.
 

 (3)-(6) [No change]
 

 (c)-(I)[No change]
 

 Committee Notes
 

 [No change]
 

 Court Comment
 

 [No change]
 

 RULE 3.172. ACCEPTANCE OF GUILTY OR NOLO CON-TENDERE PLEA
 

 (a)-(c) [No change]
 

 (d) DNA Evidence Inquiry. Before accepting a defendant’s plea of guilty or nolo contendere to a felony, the judge must inquire whether counsel for the defense has reviewed the discovery disclosed by the state, whether such discovery included a listing or description of physical items of evidence, and whether counsel has reviewed the nature of the evidence with the defendant. The judge must then inquire of the defendant and counsel for the defendant and the state whether physical evidence containing DNA is known to exist that could exonerate the defendant. If no such physical evidence is known to exist, the court may accept the defendant’s plea and impose sentence. If such physical evidence is known to exist, upon defendant’s motion of counselspecifying the physical evidence to be tested, the court may postpone the proceeding and order DNA testing.
 

 (e)-(j) [No change]
 

 RULE 3.190. PRETRIAL MOTIONS
 

 (a)-(e) [No change]
 

 (f) Order Dismissing. For-the purpose of--construing section ■ 924.07(1), Florida Statutes (1969), the-statutory term “order quashing’’ -shall be taken and' held to mean ^ardei-dismissing.”
 

 (ff-)(f) Motion for Continuance.
 

 (1) — (5) [No change]
 

 fhXg) Motion to Suppress Evidence in Unlawful Search.
 

 (1) — (4) [No change]
 

 fiXh) Motion to Suppress a Confession or Admission Illegally Obtained.
 

 (1) Grounds. [No change]
 

 (2) Contents of Motion. Every motion made by a defendant to suppress a confession or admission shall identify with particularity any statement sought to be suppressed, the reasons for suppression, and a general statement of the facts on which the motion is based.
 

 (¾)(3) Time for Filing. The motion to suppress shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion or an appropriate objection at the trial.
 

 (⅜)(4) Hearing. The court shall receive evidence on any issue of fact necessary to be decided to rule on the motion.
 

 4jXi) Motion to Take Deposition to Perpetuate Testimony.
 

 (1) [No change]
 

 
 *540
 
 (2) If the defendant or the state desires to perpetuate the testimony of a witness living in or out of the state whose testimony is material and necessary to the case, the same proceedings shall be followed as provided in subdivision £Xi)(l), but the testimony of the witness may be taken before an official court reporter, transcribed by the reporter, and filed in the trial court.
 

 (3) — (6) [No change]
 

 4k)(j) Motion to Expedite. On motion by the state, the court, in the exercise of its discretion, shall take into consideration the dictates of sections 825.106 and - 918.0155, Florida Statutes (1995).
 

 Committee Notes
 

 [No change]
 

 RULE 3.191. SPEEDY TRIAL
 

 (a)-(h) [No change]
 

 (i) When Time May Be Extended. The periods of time established by this rule may be extended, provided the period of time sought to be extended has not expired at the time the extension was procured. An extension may be procured by:
 

 (l)-(3) [No change]
 

 (4) written or recorded order of the court for a period of reasonable and necessary delay resulting from proceedings including but not limited to an examination and hearing to determine the mental competency or physical ability of the defendant to stand trial, for hearings on pretrial motions, for appeals by the state, for DNA testing ordered on the defendant’s behalf upon defendant’s motion specifying the physical evidence to be tested pursuant to section 925.12(2), Florida Statutes, and for trial of other pending criminal charges against the accused.
 

 (j) Delay and Continuances; Effect on Motion. If trial of the accused does not commence within the periods of time established by this rule, a pending motion for discharge shall be granted by the court unless it is shown that:
 

 (1) a time extension has been ordered under subdivision (i) and that extension has not expired;
 

 (2)-(4) [No change]
 

 (k)Availability for Trial. [No change]
 

 (i)Exceptional Circumstances. As permitted by subdivision (I)(i) of this rule, the court may order an extension of the time periods provided under this rule when exceptional circumstances are shown to exist. Exceptional circumstances shall not include general congestion of the court’s docket, lack of diligent preparation, failure to obtain available witnesses, or other avoidable or foreseeable delays. Exceptional circumstances are those that, as a matter of substantial justice to the accused or the state or both, require an order by the court. These circumstances include:
 

 (l)-(6) [No change]
 

 (m)-(p) [No change]
 

 Committee Notes
 

 [No change]
 

 RULE 3.192. MOTIONS FOR REHEARING
 

 When an appeal by the state is authorized by Florida Rule of Appellate Procedure 9.140, or sections 924.07 or 924.071, Florida Statutes, the state may file a motion for rehearing within 10 days of an order subject to appellate review. A motion for rehearing shall state with particularity the points of law or fact that, in the opinion of the state, the court has overlooked or misapprehended in its decision, and shall not present issues not previously raised in the proceeding. A response may
 
 *541
 
 be filed within 10 days of service of the motion. The trial court’s order disposing of the motion for rehearing shall be filed within 15 days of the response but not later than 40 days from the date of the order of which rehearing is sought. If no order is filed within 40 days, the motion is deemed denied. A timely filed motion for rehearing shall toll rendition of the order subject to appellate review and the order shall be deemed rendered 40 days from the order of which rehearing is sought, or upon the filing of a written order denying the motion for rehearing, whichever is earlier. This rule shall not apply to post-conviction proceedings pursuant to rule 3.800(a), 3.850, 3.851, or 3.853. Nothing in this rule precludes the trial court from exercising its inherent authority to reconsider a ruling while the court has jurisdiction of the case.
 

 RULE 3.203. DEFENDANT’S MENTAL RETARDATION AS A BAR TO IMPOSITION OF THE DEATH PENALTY
 

 (a) Scope. [No change]
 

 (b) Definition of Mental Retardation. As used in this rule, the term “mental retardation” means significantly subaver-age general intellectual functioning existing concurrently with deficits in adaptive behavior and manifested during the period from conception to age 18. The term “significantly subaverage general intellectual functioning,” for the purpose of this rule, means performance that is two or more standard deviations from the mean score on a standardized intelligence test authorized by the Department of Children and Family Services in rule 65B-4.03265G-4.011 of the Florida Administrative Code. The term “adaptive behavior,” for the purpose of this rule, means the effectiveness or degree with which an individual meets the standards of personal independence and social responsibility expected of his or her age, cultural group, and community.
 

 (c) Motion for Determination of Mental Retardation as a Bar to Execution: Contents; Procedures. [No change]
 

 (d) Time for filing Motion for Determination of Mental Retardation as a Bar to Execution.
 

 (1)
 
 Cases in which trial has not commenced.
 
 — In all-cases -in which- trial has not commenced on October 1, 2004, tThe motion for a determination of mental retardation as a bar to execution shall be filed not later than 90 days prior to trial, or if the trial is set earliei-than 90 days from-Oc-tober 1, 2004, at such time as is ordered by the court.
 

 (2)
 
 Cases in-which-trial has com-meneed-on OGtober 1, @00⅛.
 
 — In-all cases in which trial-has commenced -on-October 1, 2001, the motion-shall be-filed and determined before a — sentence- is imposed.
 

 (3)
 
 Cases in %uhich a-direct appeal is pending.
 
 — If an-appeal-of-a circuit court order imposing a judgment of conviction andL sentence of-death — is pending on October 1, 2004, the defendant may file a motion to relinquisir-jurisdiction for a mental-retardation determination within 60 days-of Oc-tober 1, 2004. — The motion shall-contain ■ a copy of the motion to establish mental retardation as-a bar to execution and-shall contain a certificate by appellate -counsel that -the motion is made in good faith and on reasonable grounds-to believe that-the-defendant is mentally retarded.
 

 (4)
 
 Cases in which the direct appeal is final~
 
 contents-■
 
 of m&tion; conformity-ivith- Florida Rule of- Criminal Procedure 3.851.
 

 (A) A motion for -postconvietion relief-seeking-a determination of-mental retardation-made by-counsel for the
 
 *542
 
 prisoner- shall contain a -cei-tificatioa by counsel that the motion is made in good faith and on-i-easonable-grounds to believe that the prisoner ⅛-anental■ly retarded,
 

 (B) If a death-sentenced--prisoner has not filed a-motion-for — postconviction relief on or -before ■ October 1⅛-2004, the prisoner-shall raise-a claim. under-⅛⅛ rule in an initial ⅜⅛ 3.85-1-motion for posteonviction relief,
 

 (C) If a death sentenced-prisoner has-filed a motion — for ■ postconvictien relief — and that motion has-not been ruled on by the-eircuit-court on-or before-October 1, 2004, the prisoner may amend the motion ■ to-include -a claim-under this rule within-60 days after October ly 2004.
 

 (D) If a death-sentenced prisoner-has filed- a motion — for "posteonviction relief and that-motion has been ruled on b}'' the- circuit court but the prisoner has not filed an-appeal-on-or before Oetober-1, 2004, the- prisoner shall file a supplemental motion in the circuit court raising the -mental retardation claim. — The prisoner’s time-for -filing an appeal of the ruled-upon posteon-viction ■ motion- -is-stayed until-the circuit court rules upon the mental retardation claim.
 

 (E) If-a death-senteneed-prisoner-has -filed a motion-for posteonviction relief and that-motion has-been ruled on by the circuit court and an appeal is pending on or-before October 1, 2004, the-prisoner-unay file-a-motion in-the supreme- cour-t-fco relinquish jurisdiction-to-the circuit court for-a determination-of mental-retardation within 60 days-from October 1, 2004. — The motion-te relinquish jurisdiction shall contain- a- copy of the motion to establish mental retardation as a bar to execution, which-shall be raised as-a successive rule 3.851 motion, and shall contáis a certificate by appellate counsel that the-motion is-made in-good faith — and on-reasonable — grounds-to believe that the- defendant is mentally retarded.
 

 (F)-If a-deatfa sentenced prisoner ■has-filed ■■ -a-motion for-postconviction relief, the motion has been ruled on by the-eircuit court, and that ruling — is final on or before October 1-, 2004⅝ the prisoner may raise a claim-under this rule in a successive rule-3,851 motion-filed-within-6Q-days -after October — ⅛ 2004. — The circuit court--may reduce this time period-and expedite the proceedings if the circuit court determines-that- suc-h- action-is-necessar-y-
 

 (e)-(i) [No change]
 

 RULE 3.210. INCOMPETENCE TO PROCEED: PROCEDURE
 

 FOR RAISING THE ISSUE
 

 (a) Proceedings Barred during Incompetency. [No change]
 

 (b) Motion for Examination. If, at any material stage of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the state, has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant’s mental condition, which shall be held no later than 20 days after the date of the filing of the motion, and sfaallmay order the defendant to be examined by no more than 3, nor fewer- -than 2, experts, as needed, prior to the date of the hearing. Attorneys for the state and the defendant may be present at tfaeany examination ordered by the court.
 

 (1) — (4) [No change]
 

 
 *543
 
 Committee Notes
 

 [No change]
 

 RULE 3.211. COMPETENCE TO PROCEED: SCOPE OF EXAMINATION AND REPORT
 

 (a)-(b) [No change]
 

 (c)Insanity. If a notiee-of intent -to-rely on-the defense-of insanit-y-has been-filed pr-ior-to trial or-a-hearing-on a violation-of probation or community -control, and-when so- ordered by the court,-the experts shall report-on the4ssue-of the-de-fendant’-s-uanity-at-the time of the offense^
 

 4d)(c) Written Findings of Experts. Any written report submitted by the experts shall:
 

 (1) — (4) [No change]
 

 (e)(d) Limited Use of Competency Evidence.
 

 (l)-(2) [No change]
 

 Committee Notes
 

 [No change]
 

 RULE 3.216. INSANITY AT TIME OF OFFENSE OR PROBATION OR COMMUNITY CONTROL VIOLATION: NOTICE AND APPOINTMENT OF EXPERTS
 

 (a) Expert to Aid Defense Counsel. When in any criminal case counsel for a defendant is adjudged to be indigent or partially indigent, whether public defender or court appointed, shall haveand is not represented by the public defender or regional counsel, and counsel has reason to believe that the defendant may be incompetent to proceed or that the defendant may have been insane at the time of the offense or probation or community control violation, counsel may so inform the court who shall appoint 1 expert to examine the defendant in order to assist counsel in the preparation of the defense. The expert shall report only to the attorney for the defendant and matters related to the expert shall be deemed to fall under the lawyer-client privilege.
 

 (b)-(c) [No change]
 

 (d) CourtAppointed — Experts-Ordered Evaluations. On the filing of such notice the court-may-o-n-itS' own-motion, and shah on motion of the state, the court shall order the defendant to be examined by the state’s mental health expert(s) or the defendant, order-that the defendant be-examined-by no more than 3 nor-fewer -than
 
 2
 
 disinterested, — qualified experts as to the sanity or insanity of the defendant at the time of the commission of the alleged offense or probation or community control violation. Attorneys for the state and defendant may be present at the examination. — The examination should take-place at-the same time as the examination-into the competence of the defendant to proceed, if the issue of-competence has-been raise ⅛
 

 (e) Time for Filing Notice of Intent to Rely on a Mental Health Defense Other than Insanity. [No change]
 

 (f) Court-AppointedOrdered Experts for Other Mental Health Defenses. If the notice to rely on any mental health defense other than insanity indicates the defendant will rely on the testimony of an expert who has examined the defendant, the court shall upon motion of the state order the defendant be examined by one qualified expert for the state as to the mental health defense raised by the defendant. Upon a showing of good cause, the court may order additional examinations upon motion by the state or the defendant. Attorneys for the state and defendant may be present at the examination. When the defendant relies on the testimony of an expert who has not examined the defen
 
 *544
 
 dant, the state shall not be entitled to a compulsory examination of the defendant.
 

 (g) Report of Esperta to Comet, — The experts shall examine-fee defendant and shalh file with-4he-court-in writing at such time-as-shall-be specified by the courfi-with^copies to-attorneys -for the- state and the defense,.a- report that shall-eontaim-
 

 (-1) a -description -of the evaluative techniques-that were used in their examination;-
 

 (2) a description of-the mental and emotional-eendition and mental-processes of the - defendant at the time- of the alleged offense or probation-or-eom-mu-nity control violationrdncluding the nature of any-mental-impairment and its relationship to the actions and-state-of mind of the defendan-t-at the time of the offense or probation-or community-control violation^
 

 (-3) a statement of all relevant-factual-information regarding- the.defendants behavior on which-the conclusions-or opinions regarding the-defendants mental condition were based; and-
 

 (4) an explanation-ef how the conditions and opinions regarding-the defendant’s mental condition at the-time of the alleged-offense or. probation-or community control violation were reached.
 

 4h)(g) Waiver of Time to File. On good cause shown for the omission of the notice of intent to rely on the defense of insanity, or any mental health defense, the court may in its discretion grant the defendant 10 days to comply with the notice requirement. If leave is granted and the defendant files the notice, the defendant is deemed unavailable to proceed. If the trial has already commenced, the court, only on motion of the defendant, may declare a mistrial in order to permit the defendant to raise the defense of insanity pursuant to this rule. Any motion for mistrial shall constitute a waiver of the defendant’s right to any claim of former jeopardy arising from the uncompleted trial.
 

 (il(h) Evaluating Defendant after Pretrial Release. If the defendant has been released on bail or other release conditions, the court may order the defendant to appear at a designated place for evaluation at a specific time as a condition of the release provision. If the court determines that the defendant will not submit to the evaluation provided for herein or that the defendant is not likely to appear for the scheduled evaluation, the court may order the defendant taken into custody until the evaluation is completed. A motion made for evaluation under this subdivision shall not otherwise affect the defendant’s right to pretrial release.
 

 fp(i) Evidence. The appointment- of-experts-by- the court shall not preclude the state or the defendant from-calling-additional-expert -witnesses-to — testily-at the teiab — The Any experts appointed by the court may be summoned to testify at the trial, and shall be deemed court witnesses whether called by the court or by either party. Other evidence regarding the defendant’s insanity or mental condition may be introduced by either party. At trial, in its instructions to the jury, the court shall include an instruction on the consequences of a verdict of not guilty by reason of insanity.
 

 Committee Notes
 

 [No change]
 

 RULE 3.220. DISCOVERY
 

 (a) Notice of Discovery. [No change]
 

 (b) Prosecutor’s Discovery Obligation.
 

 (1) Within 15 days after service of the Notice of Discovery, the prosecutor shall serve a written Discovery Exhibit which shall disclose to the defendant and permit the defendant to inspect, copy, test,
 
 *545
 
 and photograph the following information and material within the state’s possession or control:
 

 (A) a list of the names and addresses of all persons known to the prosecutor to have information that may be relevant to any offense charged or any defense thereto, or to any similar fact evidence to be presented at trial under section 90.404(2), Florida Statutes. The names and addresses of persons listed shall be clearly designated in the following categories:
 

 (i) Category A. These witnesses shall include (1) eye witnesses, (2) alibi witnesses and rebuttal to alibi witnesses, (3) witnesses who were present when a recorded or unrecorded statement was taken from or made by a defendant or codefen-dant, which shall be separately identified within this category, (4) investigating officers, (5) witnesses known by the prosecutor to have any material information that tends to negate the guilt of the defendant as to any offense charged, (6) child hearsay witnesses, and (7) expert witnesses who have not provided a written report and a curriculum vitae or who are going to testify-to test results or give ■ opinions that
 

 will have-to meet the test set forth in
 
 Frye v. United States
 
 293 F. -1013 (D.C.Cir.1923).
 

 (ii) Category B. All witnesses not listed in either Category A or Category C.
 

 (iii) Category C. All witnesses who performed only ministerial functions or whom the prosecutor does not intend to call at trial and whose involvement with and knowledge of the case is fully set out in a police report or other statement furnished to the defense;
 

 (B)-(C) [No change]
 

 (D) any written or recorded statements and the substance of any oral statements made by a codefendanhlf the ⅛-ial-is to be a-joint one;
 

 (E)-(K) [No change]
 

 (L) any tangible paper, objects or substances in the possession of law enforcement that could be tested for DNA.
 

 (2) — (4) [No change]
 

 (c)-(g) [No change]
 

 (h) Discovery Depositions.
 

 (1)
 
 Generally.
 
 [No change]
 

 (2)
 
 Transcripts.
 
 No transcript of a deposition for which a countythe state may be obligated to expend funds shall be ordered by a party unless it ísí
 

 (A)- agreed between the state and any -defendant that — the—deposition should — be transcribed and- a written agreement certifying that the deposed witness-is-material-or specifying' other good-cause is filed with the court or
 

 (B) ordered by the-court on a-showing that the deposed-witness is material or on showing of good cause.
 

 ■This rule-shall not apply to applications for-reimbursement of costs pursuant to section-939.06, Florida Statutes, and-ar-tiele I, section-9j of the-Florida Constitu-tiomin compliance with general law.
 

 (3) — (4) [No change]
 

 (5)
 
 Depositions of Law Enforcement Officers.
 
 Subject to the general provisions of subdivision (h)(1), law enforcement officers shall appear for deposition, without subpoena, upon written notice of taking deposition delivered at the address of the law enforcement agency or department, or an address designated by the law enforcement agency or department, five days prior to the date of the deposition. Law enforcement officers who fail to appear for deposition
 
 *546
 
 after being served notice are subject toas required by the rule may be adjudged in contempt proceedingsof court.
 

 (6) — (7) [No change]
 

 (8)
 
 Telephonic Statements.
 
 On stipulation of the parties and the consent of the witness, the statement of a law enforcement officerany witness may be taken by telephone in lieu of the deposition of the olSeerwitness. In such case, the offieerwitness need not be under oath. The statement, however, shall be recorded and may be used for impeachment at trial as a prior inconsistent statement pursuant to the Florida Evidence Code.
 

 (i)-(n) [No change]
 

 (o) Costs of Indigents. — After a defendant ⅛-adjudged insoIvenVthe reasonable costs — i-Reurred in the-operation of these rules shall be taxed as costs against the states
 

 4p)(o) Pretrial Conference.
 

 (l)-(2) [No change]
 

 Committee Notes
 

 [No change]
 

 VII. DISQUALIFICATION AND SUBSTITUTION OF JUDGE
 

 RULE 3.231. SUBSTITUTION OF JUDGE
 

 If by reason of death or disability the judge before whom a trial has commenced is unable to proceed with the trial, or posttrial proceedings, another judge, certifying that he or she has become familiar with the case, may proceed with the disposition of the caser, except in death penalty sentencing proceedings. In death penalty sentencing proceedings, a successor judge who did not hear the evidence during the penalty phase of the trial shall conduct a new sentencing proceeding before a new ⅜
 

 Committee Notes
 

 [No change]
 

 RULE 3.240. CHANGE OF VENUE (a)-(f) [No change]
 

 (g) Attendance by Witnesses. When the cause is removed to another court, the witnesses who have entered-into undertak-ingsbeen lawfully subpoenaed or ordered to appear at the trial shall, on notice of such removal, attend the court to which the cause is removed at the time specified in the order of removal. — A failure to so attend shall -wor-k-a forfeiture of the undertakings A witness who refuses to obey a duly served subpoena may be adjudged in contempt of court.
 

 (h)-(j) [No change]
 

 Committee Notes
 

 [No change]
 

 RULE 3.800. CORRECTION, REDUCTION, AND MODIFICATION OF SENTENCES
 

 (a) Correction. [No change]
 

 (b) Motion to Correct Sentencing Error. A motion to correct any sentencing error, including an illegal sentence, may be filed as allowed by this subdivision. This subdivision shall not be applicable to those cases in which the death sentence has been imposed and direct appeal jurisdiction is in the Supreme Court under article V, section 3(b)(1) of the Florida Constitution. The motion must identify the error with specificity and provide a proposed correction. A response to the motion may be filed within 15 days, either admitting or contesting the alleged error. Motions may be filed by the state under this subdivision only if the correction of the sentencing error would benefit the defendant or to correct a scrivener’s error.
 

 (1) Motion Before Appeal. [No change]
 

 
 *547
 
 (2)Motion Pending Appeal. If an appeal is pending, a defendant or the state may file in the trial court a motion to correct a sentencing error. The motion may be filed by appellate counsel and must be served before the party’s first brief is served. A notice of pending motion to correct sentencing error shall be filed in the appellate court, which notice automatically shall extend the time for the filing of the brief until 10 days after the clerk of circuit court transmits the supplemental record under Florida Rule of Appellate Procedure 9.140(f)(6).
 

 (A) The motion shall be served on the trial court and on all trial and appellate counsel of record. Unless the motion expressly states that appellate counsel will represent the mov-ant in the trial court, trial counsel will represent the movant on the motion under Florida Rule of Appellate Procedure 9.140(b)(5)(d). If the state is the movant, trial counsel will represent the defendant unless appellate counsel for the defendant notifies trial counsel and the trial court that he or she will represent the defendant on the state’s motion.
 

 (B)-(C) [No change]
 

 (c) Reduction and Modification. [No change]
 

 Committee Notes
 

 [No change]
 

 Court Commentary
 

 [No change]
 

 RULE 3.851. COLLATERAL RELIEF AFTER DEATH SENTENCE HAS BEEN IMPOSED AND AFFIRMED ON DIRECT APPEAL
 

 (a)-(h) [No change]
 

 (i) Dismissal of Postconviction Proceedings.
 

 (l)-(8) [No change]
 

 (9) If the court denies the motion, the prisoner may seek review as prescribed by Florida Rule of Appellate Procedure 9.142(b).
 

 (j) [No change]
 

 Court Commentary
 

 [No change]
 

 RULE 3.852. CAPITAL POSTCONVICTION PUBLIC RECORDS PRODUCTION
 

 (a) [No Change]
 

 (b) Definitions.
 

 (l)-(2) [No Change]
 

 (3) “Records repository” means the location designated by the secretary of state pursuant to section 119.19(2)27.7081(2), Florida Statutes (Supp.l998)(2009), for archiving capital postconviction public records.
 

 (4)-(6) [No Change]
 

 (c) [No Change]
 

 (d) Action Upon Issuance of Mandate.
 

 (l)-(3) [No change]
 

 (4) Within 15 days after receiving written notification of any additional person or agency pursuant to subdivision (d)(2) or (d)(3) of this rule, the attorney general shall notify all persons or agencies identified pursuant to subdivisions (d)(2) or (d)(3) that these persons or agencies are required by section ■119.19(6)(b), — Florida—Statutes—(Supp.-1998),law to copy, index, and deliver to the records repository all public records
 
 *548
 
 pertaining to the case that are in their possession. The person or agency shall bear the costs related to copying, indexing, and delivering the records.
 

 (e)-(m) [No change]
 

 RULE 3.853. MOTION FOR POST-CONVICTION DNA TESTING
 

 (a)-(b) [No change]
 

 (c) Procedure.
 

 (1) — (3) [No change]
 

 (4) In the event that the motion shall proceed to a hearing, the court may appoint counsel to assist the movant if the court determines that assistance of counsel is necessary and upon making the appropriate' finding of indigencea determination of indigency pursuant to section 27.52, Florida Statutes.
 

 (5) — (8) [No change]
 

 (d)-(f) [No change]
 

 RULE 3.986. FORMS RELATED TO JUDGMENT AND SENTENCE
 

 (a)-(b) [No Change]
 

 (c) Form for Charges, Costs, and Fees.
 

 In the Circuit Court,
 

 __ Judicial Circuit, in and for
 

 _County, Florida
 

 Division_
 

 Case Number_
 

 State of Florida
 

 v.
 

 [[Image here]]
 

 Defendant
 

 CHARGES/COSTS/FEES
 

 The defendant is hereby ordered to pay the following sums if checked:
 

 _ $ 50.00 pursuant to section 960,20938.03, Florida Statutes (Crimes Compensation Trust Fund).
 

 _ $ 3.00 as a court cost pursuant to section 943.25(3)938.01, Florida Statutes (Criminal Justice Trust Fund).
 

 _ $ 2.00 as a court cost pursuant to section 943.25(13)938.15, Florida Statutes (Criminal Justice Education by Municipalities and Counties).
 

 __ A fine in the sum of $_pursu-ant to section 775.0835, Florida Statutes. (This provision refers to the optional fine for the Crimes Compensation Trust Fund and is not applicable unless checked and completed. Fines imposed as part of a sentence to section 775.083, Florida Statutes, are to be recorded on the sentence page(s).)
 

 = — $20.00.pursuant—to-section 939,0-15, — Florida—Statutes—(Handicapped and Elderly Security Assistance Trust Fund).
 

 = — A—10% ■ surcharge-in-the-sum-of $ pursuant to section 775.0836,-Florida.Statutes ■ (Handicapped-.and -Elderly — Security—Assistance—Trust Fund).
 

 = — A--sum of~$.pi-iusuant-to-section-2-7-5455, Florida Statutes (Local Government Criminal Justice Trust Fund).-
 

 _ A sum of $ pursuant to section 939,01938.27, Florida Statutes (Prosecution/Investigative Costs).
 

 _ A sum of $ pursuant to section 2756938.29, Florida Statutes (Public Defender Fees).
 

 _ Restitution in accordance with attached order.
 

 _ $201 pursuant to section 938.08, Florida Statutes (Funding Programs in Domestic Violence).
 

 
 *549
 
 _A sum of $_for the cost of collecting the DNA sample required by s. 943.325, Florida Statutes. _ Other_
 

 [[Image here]]
 

 DONE AND ORDERED in open court in _ County, Florida, on .(date).
 

 [[Image here]]
 

 Judge
 

 (d) Form for Sentencing.
 

 Defendant_
 

 Case Number_
 

 OBTS Number_
 

 SENTENCE
 

 (As to Count_)
 

 The defendant, being personally before this court, accompanied by the defendant’s attorney of record,_, and having been adjudicated guilty herein, and the court having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the defendant should not be sentenced as provided by law, and no cause being shown,
 

 (Check one if applicable)
 

 _ and the court having on .(date). deferred imposition of sentence until this date
 

 _ and the court having previously entered a judgment in this case on .(date).now resentences the defendant
 

 _ and the court having placed the defendant on probation/community control and having subsequently revoked the defendant’s probation/community control
 

 It Is The Sentence Of The Court That:
 

 - The defendant pay a fine of $_, pursuant to section 775.083, Florida Statutes, plus $_as the 5 surcharge required by section 960;25938.04, Florida Statutes.
 

 _ The defendant is hereby committed to the custody of the Department of Corrections.
 

 _ The defendant is hereby committed to the custody of the Sheriff of_ County, Florida.
 

 _ The defendant is sentenced as a youthful offender in accordance with section 958.04, Florida Statutes.
 

 To Be Imprisoned (check one; unmarked sections are inapplicable):
 

 _ For a term of natural life.
 

 _ For a term of_
 

 _ Said SENTENCE SUSPENDED for a period of_subject to conditions set forth in this order.
 

 If “split” sentence complete the appropriate paragraph
 

 _ Followed by a period of _ on probation/community control under the supervision of the Department of Corrections according to the terms and conditions of supervision set forth in a separate order entered herein.
 

 _ However, after serving a period of _ imprisonment in _ the balance of the sentence shall be suspended and the defendant shall be placed on probation/community control for a period of_ under supervision of the Department of Corrections according to the terms and conditions of probation/community control set forth in a separate order entered herein.
 

 In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before
 
 *550
 
 the defendant begins service of the supervision terms.
 

 SPECIAL PROVISIONS
 

 (As to Count_)
 

 By appropriate notation, the following provisions apply to the sentence imposed:
 

 Mandatory/Minimum Provisions:
 

 Firearm
 

 _ It is further ordered that the 3-year minimum imprisonment provision of section 775.087(2), Florida Statutes, is hereby imposed for the sentence specified in this count.
 

 Drug Trafficking
 

 _ It is further ordered that the _ mandatory minimum imprisonment provision of section 893.135(1), Florida Statutes, is hereby imposed for the sentence specified in this count.
 

 Controlled Substance Within 1,000 Feet of School
 

 _ It is further ordered that the 3-year minimum imprisonment provision of section 893.13(l)(ec)l, Florida Statutes, is hereby imposed for the sentence specified in this count.
 

 Habitual Felony Offender
 

 _ The defendant is adjudicated a habitual felony offender and has been sentenced to an extended term in accordance with the provisions of section 775.084(4)(a), Florida Statutes. The requisite findings by the court are set forth in a separate order or stated on the record in open court.
 

 Habitual Violent Felony Offender
 

 __. The defendant is adjudicated a habitual violent felony offender and has been sentenced to an extended term in accordance with the provisions of section 775.084(4)(b), Florida Statutes. A minimum term of _ year(s) must be served prior to release. The requisite findings of the court are set forth in a separate order or stated on the record in open court.
 

 Law Enforcement Protection Act
 

 _ It is further ordered that the defendant shall serve a minimum of_ years before release in accordance with section 775.0823, Florida Statutes. (Offenses committed before January 1,1994),
 

 Capital Offense
 

 _ It is further ordered that the defendant shall serve no less than 25 years in accordance with the provisions of section 775.082(1), Florida Statutes. (Offenses committed before October 1,1995),
 

 Short-Barreled Rifle, Shotgun, Machine Gun
 

 _ It is further ordered that the 5-year minimum provisions of section 790.221(2), Florida Statutes, are hereby imposed for the sentence specified in this count. (Offenses committed before January 1,1994),
 

 Continuing Criminal Enterprise
 

 _ It is further ordered that the 25-year minimum sentence provisions of section 893.20, Florida Statutes, are hereby imposed for the sentence specified in this count. (Offenses committed before January 1,1994).
 

 Taking a Law Enforcement Officer’s Firearm
 

 _ It is further ordered that the 3-year mandatory minimum imprison
 
 *551
 
 ment provision of section 775.0875(1), Florida Statutes, is hereby imposed for the sentence specified in this count. (Offenses committed before January 1,1994).
 

 Sexual Offender/Sexual Predator Determinations:
 

 Sexual Predator
 

 The defendant is adjudicated a sexual predator as set forth in section 775.21, Florida Statutes.
 

 Sexual Offender
 

 The defendant meets the criteria for a sexual offender as set forth in section 943.0435(l)(a)la„ b„ c., or d.
 

 Age of Victim
 

 The victim was , years of age at the time of the offense.
 

 Age of Defendant
 

 The defendant was years of age at the time of the offense.
 

 Relationship to Victim
 

 The defendant is not the victim’s parent or guardian.
 

 Sexual Activity [F.S. 800.04(4) ]
 

 The offense did did not involve sexual activity.
 

 Use of Force or Coercion [F.S. 800.04(4) ]
 

 The sexual activity described herein did did not involve the use of force or coercion.
 

 Use of Force or Coercion/unclothed Genitals [F.S. 800.04(5) ]
 

 The molestation did did not involve unclothed genitals or genital area.
 

 The molestation did did not involve the use of force or coercion. Other Provisions:
 

 Criminal Gang Activity
 

 __ The felony conviction is for an offense that was found, pursuant to section 874.04, Florida Statutes, to have been committed for the purpose of benefiting, promoting, or furthering the interests of a criminal gang.
 

 Retention of Jurisdiction
 

 _ The court retains jurisdiction over the defendant pursuant to section 947.16(34), Florida Statutes (1983).
 

 Jail Credit
 

 - It is further ordered that the defendant shall be allowed a total of_ days as credit for time incarcerated before imposition of this sentence.
 

 CREDIT FOR TIME SERVED IN RESENTENCING AFTER VIOLATION OF PROBATION OR COMMUNITY CONTROL
 

 _ It is further ordered that the defendant be allowed _ days time served between date of arrest as a violator following release from prison to the date of resentencing. The Department of Corrections shall apply original jail time credit and shall compute and apply credit for time served and unforfeited gain time previously awarded on case/eount_ (Offenses committed before October 1, 1989)
 

 _ It is further ordered that the defendant be allowed ___ days time served between date of arrest as a violator following release from prison to the date of resentencing. The Department of Corrections shall apply original jail time credit and shall compute and apply credit for time served on case/count_(Offenses committed between October 1, 1989, and December 31,1993)
 

 
 *552
 
 _ The Court deems the unforfeit-ed gain time previously awarded on the above case/count forfeited under section 948.06(67).
 

 _ The Court allows unforfeited gain time previously awarded on the above case/count. (Gain time may be subject to forfeiture by the Department of Corrections under section 944.28(1)).
 

 _ It is further ordered that the defendant be allowed _ days time served between date of arrest as a violator following release from prison to the date of resentencing. The Department of Corrections shall apply original jail time credit and shall compute and apply credit for time served only pursuant to section 921.0017, Florida Statutes, on case/ count_(Offenses committed on or after January 1, 1994)
 

 Consecutive/Concurrent as to Other Counts
 

 It is further ordered that the sentence imposed for this count shall run (check one) _ consecutive to _ concurrent with the sentence set forth in count_ of this case.
 

 Consecutive/Concurrent as to Other Convictions
 

 It is further ordered that the composite term of all sentences imposed for the counts specified in this order shall run (check one)_consecutive to_con-current with (check one) the following: _ any active sentence being served. _ specific sentences: _
 

 [[Image here]]
 

 In the event the above sentence is to the Department of Corrections, the Sheriff of _ County, Florida, is hereby ordered and directed to deliver the defendant to the Department of Corrections at the facility designated by the department together with a copy of this judgment and sentence and any other documents specified by Florida Statute.
 

 The defendant in open court was advised of the right to appeal from this sentence by filing notice of appeal within 30 days from this date with the clerk of this court and the defendant’s right to the assistance of counsel in taking the appeal at the expense of the state on showing of indigen-cy-
 

 In imposing the above sentence, the court further recommends_
 

 [[Image here]]
 

 DONE AND ORDERED in open court at _ County, Florida, on .(date).
 

 [[Image here]]
 

 Judge
 

 (e)-(g) [No Change]
 

 [1]
 

 . Pursuant to the Court’s order issued on July 1, 2009, the proposed amendments to rule 3.132 were severed from the Committee’s other regular-cycle proposals. Rule 3.132 has been amended in that separate proceeding.
 
 See In re Amends, to Fla. Rule of Crim. Pro. 3.132,
 
 19 So.3d 306 (Fla.2009).
 

 [2]
 

 . The Court’s modification of the Committee’s proposal is limited to correcting a statutory citation.