838 So.2d 659 (2003)
Iven B. JONES, III, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-3958.
District Court of Appeal of Florida, Fifth District.
February 28, 2003.
Iven B. Jones, III, Century, pro se.
No Appearance for Appellee.
GRIFFIN, J.
Appellant, Iven B. Jones, III, ["Jones"], appeals the summary denial of his rule 3.850 motion for post-conviction relief, but we lack jurisdiction to consider the appeal because it was not timely filed. The order denying Jones's 3.850 motion was rendered October 2, 2002. On October 10, 2002, Jones filed an amendment to his 3.850 motion. Because the court had already ruled on the 3.850 motion, the court treated the amendment as a supplemental motion for post-conviction relief and denied the supplemental motion by order rendered October 21, 2002.
On November 12, 2002, Jones entrusted to prison officials for mailing a motion for rehearing. A motion for rehearing must be filed within fifteen days of service of the order denying the 3.850 motion. See Fla. R.Crim. P. 3.850(g). The order denying Jones's 3.850 motion was served on October 2, 2002, and the order denying Jones's *660 supplemental motion was served on October 21, 2002. Fifteen days after service of the order on October 21, 2002, would be Tuesday, November 5, 2002. Even applying the mailbox rule, Jones's motion for rehearing, which was entrusted to prison officials on November 12, 2002, was untimely as to both orders denying post-conviction relief and did not toll the time for taking an appeal. As a result, Jones's notice of appeal, which was entrusted to prison officials for mailing on December 15, 2002, was untimely. The appeal is dismissed.[1]See Alterisio v. State, 704 So.2d 164 (Fla. 5th DCA 1997); Childs v. State, 649 So.2d 349 (Fla. 1st DCA 1995).
APPEAL DISMISSED.
ORFINGER and MONACO, JJ., concur.
NOTES
[1] In his motion for rehearing, Jones claimed that he did not timely receive the order denying his 3.850 motion. Jones would have to pursue this argument in a petition for belated 3.850 appeal filed in this court under Florida Rule of Appellate Procedure 9.141(c).