GRIFFIN, J.
Curtis Joel Spicer [“Spicer”] appeals the summary denial of his Rule 3.850 motion for post-conviction relief. The order denying defendant’s 3.850 motion was rendered and served on September 28, 2004. Spi-cer’s motion for rehearing was not filed until October 22, 2004. The motion was not stamped by prison officials, nor did it contain a certificate of service. See Haag v. State, 591 So.2d 614 (Fla.1992). The motion for rehearing was denied by order rendered on October 28, 2004. Spicer’s notice of appeal was not served until November 26, 2004, nor filed with the clerk of the lower court until December 2, 2004.
If we determine that the motion for rehearing was filed more than fifteen days after service of the order denying relief,[1] it would be untimely and would not toll the time for taking an appeal. Jones v. State, 838 So.2d 659 (Fla. 5th DCA 2003). Accordingly, we issued a show cause order directing Spicer to show cause why the appeal should not be dismissed.
The show cause order would not have been necessary if the prison officials had stamped the motion for rehearing, to establish when the motion was placed into their hands for mailing, or if the motion had contained a certificate of service. See Thompson v. State, 761 So.2d 324 (Fla.2000).
In response to this court’s show cause order, Spicer stated that he could have a correctional officer attest to the fact that he placed his motion for rehearing in the prison mailbox on October 11, 2004. We then issued another order directing defendant to supplement his response with correctional officer’s affidavit. In his supplemental response, Spicer said that the officer’s supervisor would not allow him to sign an affidavit on behalf of an inmate. However, Spicer did obtain a response to his inmate request form, where the officer stated that he observed defendant sealing a legal document and placing it into the prison mail on October 11, 2004, at approximately 7:00 p.m. The circuit court clerk’s office also supplied the envelope containing defendant’s motion for rehearing, which was post-marked October 6, 2004, which *986 was actually prior to the October 11 date referred to by defendant. We conclude that Spicer has adequately established timely service under the mailbox rule. Accordingly, we proceed to the merits of the underlying 3.850 motion.
In 1993, Spicer entered pleas to second degree murder with a deadly weapon, attempted murder in the first degree with a deadly weapon, robbery with a deadly weapon, and burglary of a structure while armed. He was sentenced on April 16, 1993, to four concurrent life sentences. The current 3.850 motion was untimely filed more than two years after the judgment and sentence became final. See Fla. R.Crim. P. 3.850(b).
Spicer acknowledges that he previously filed five post-conviction motions, all of which were denied. The current 3.850 motion argues that defendant is actually innocent of all the charges, and he was coerced into entering his pleas. Defendant raises factual issues concerning the evidence which were waived by his pleas, and his ineffective assistance of counsel claim should have been timely raised in his first 3.850 motion. We warn Spicer that, in light of his numerous prior post-conviction motions, the instant 3.850 motion rises to the level of abuse of procedure. See Fla. R.Crim. P. 3.850(f).
AFFIRMED.
SHARP, W., and MONACO, JJ., concur.

. See Fla. R.Crim. P. 3.850(g).