937 So.2d 712 (2006)
Terrence A. SMARTMAYS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-1352.
District Court of Appeal of Florida, Fifth District.
August 23, 2006.
Terrence A. Smartmays, Raiford, Pro Se.
No Appearance for Appellee.

*713 AMENDED OPINION

ON MOTION TO RECALL MANDATE
PER CURIAM.
Terrence A. Smartmays appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Mr. Smartmays filed a rule 3.850 motion asserting various claims of ineffective assistance of trial counsel concerning his 2004 convictions.[1] On November 3, 2005, the trial court rendered an order denying the motion, noting "the defendant's motion is premature" without further explanation. On December 11, 2005 (mailbox rule), some thirty-eight (38) days after the rendition of the denial order, Mr. Smartmays filed a motion for rehearing. The motion was denied on March 8, 2006. On March 28, 2006, Mr. Smartmays filed a notice of appeal. Based on what appeared to be Mr. Smartmays's untimely motion for rehearing, this Court ordered him to show cause why this appeal should not be dismissed. His response did not address the issue.
The trial court's order denying the rule 3.850 motion was rendered on November 3, 2005. Mr. Smartmays had thirty (30) days following the rendition of that order in which to appeal or fifteen (15) days of the date of service of that order in which to seek rehearing. See Fla. R.Crim. P. 3.850(g). Mr. Smartmays did neither. Consequently, Mr. Smartmays's untimely motion for rehearing did not toll the time in which he was permitted to file a notice of appeal. Therefore, the notice of appeal is untimely and must be dismissed. See Jones v. State, 838 So.2d 659 (Fla. 5th DCA 2003); Alterisio v. State, 704 So.2d 164 (Fla. 5th DCA 1997); Childs v. State, 649 So.2d 349 (Fla. 1st DCA 1995). Consequently, we withdraw our earlier opinion in this matter and the mandate. Because Mr. Smartmays's postconviction motion was not dismissed on the merits, he is not precluded from filing another timely motion.
APPEAL DISMISSED; MOTION TO RECALL MANDATE GRANTED.
SAWAYA, ORFINGER and LAWSON, JJ., concur.
NOTES
[1] Mr. Smartmays's convictions and sentences were affirmed on appeal. See Smartmays v. State, 901 So.2d 278 (Fla. 5th DCA 2005).