952 So.2d 1228 (2007)
Cornelius R. BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-71.
District Court of Appeal of Florida, Fifth District.
March 30, 2007.
Cornelius Bell, Wewahitchka, Pro Se.
No Appearance for Appellee.
PER CURIAM.
Cornelius R. Bell seeks review of the trial court's summary denial of his Motion for Postconviction Relief filed pursuant to *1229 Florida Rule of Criminal Procedure 3.850. The trial court denied Mr. Bell's motion in a written order rendered November 27, 2006. Mr. Bell's notice of appeal was not filed under the "mailbox rule" until December 29, 2006. Accordingly, this Court ordered Mr. Bell to show cause why the untimely appeal should not be dismissed for lack of jurisdiction.
In his unsworn response, styled as "Motion to Accept as Timely Appellant's Notice of Appeal," Mr. Bell claimed that he was a victim of internal prison policies regarding inmate use of the prison law library. Mr. Bell contends that he "diligently" attempted to schedule time in the prison law library, however, his first such attempt was "ignored" by prison staff. He argues that this fact, coupled with "the Holiday Schedules" and Gulf Correctional Institution's status as a "restricted movement compound," should provide a sufficient basis for this Court to accept his notice of appeal as timely filed. Alternatively, Mr. Bell asks this Court to treat his response/motion as a belated appeal petition.
We dismiss for lack of jurisdiction. Mr. Bell had thirty days from the rendition of the trial court's denial order to file his notice of appeal. See Fla. R.Crim. P. 3.850(g). He failed to meet the deadline by two days. In his response, he does not deny his failure in this regard; he only argues that he was hamstrung by internal prison policies regarding access to the prison library. Such claims in an unsworn response are insufficient for purposes of bestowing jurisdiction on this Court to entertain the instant appeal. See, e.g., Smartmays v. State, 937 So.2d 712 (Fla. 5th DCA 2006).
Similarly, the unsworn nature of Mr. Bell's response renders it insufficient to treat the response as a petition for belated appeal. See Fla. R.App. P. 9.141(c)(3)(F). Mr. Bell's recourse is to file a proper petition for belated appeal, including a proper oath with this Court in an attempt to seek a belated appeal.
Appeal dismissed for lack of jurisdiction.
DISMISSED.
THOMPSON, ORFINGER and MONACO, JJ., concur.