PER CURIAM.
We dismiss this appeal for lack of jurisdiction. Givanni Torrell Parks filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, and his motion was denied on September 19, 2012. The denial order was served on Parks by mail on September 21, 2012. Parks had fifteen days under Rule 3.850(h), plus three days for mailing under Rule 3.070, or until October 9, 2012, to file a motion for rehearing. He filed his motion on October 10, 2012.[1] The motion for rehearing was denied on January 7, 2013, and Parks filed his notice of appeal on January 25, 2013. Because his motion for rehearing was not timely filed, it did not delay rendition of the underlying order and this Court is without jurisdiction to consider this appeal. Fla. R.Crim. P. 3.850(h); see also Craft v. State, 23 So.3d 1255 (Fla. 3d DCA 2009); Reid v. Cooper, 955 So.2d 31, 32 (Fla. 3d DCA 2007)(recognizing that an untimely motion for rehearing is a nullity and does not toll the time in which to file an appeal).
Dismissed.

. An inmate's document is deemed "filed” when he or she places it in the hands of prison officials. See Haag v. State, 591 So.2d 614 (Fla.1992).