# Supreme Court of Florida

_____

No. SC15-290
_____

**IN RE:  AMENDMENTS TO THE FLORIDA RULES
OF CRIMINAL PROCEDURE.**

[June 11, 2015]

PER CURIAM.

This matter is before the Court for consideration of out-of-cycle

amendments to the Florida Rules of Criminal Procedure proposed by The Florida

Bar's Criminal Procedure Rules Committee (CPR Committee), joined by the

Appellate Court Rules Committee (ACR Committee).[1]  See Fla. R. Jud. Admin.

2.140(e).  We have jurisdiction.[2]

We amend Florida Rules of Criminal Procedure 3.192 (Motions for

Rehearing); 3.800 (Correction, Reduction, and Modification of Sentences); and

3.850 (Motion to Vacate, Set Aside, or Correct Sentence), as proposed.  The

_____

1.  The ACR Committee unanimously endorses the proposed amendments.

2.  See art. V, § 2(a), Fla. Const.

Florida Bar Board of Governors unanimously approved the amendments. The CPR Committee published the proposed amendments for comment before filing them with the Court. No comments were received.

According to the report, the amendments are intended to resolve a conflict between the Rules of Criminal Procedure and the Rules of Appellate Procedure as to when a postconviction order is rendered for purposes of appeal. As relevant here, under Florida Rule of Appellate Procedure 9.020(i), "[a]n order is rendered when a signed, written order is filed with the clerk of the lower tribunal." As recently amended, postconviction rules 3.192, 3.800, and 3.850 permit motions for rehearing of orders issued under those rules to be "deemed denied" if no ruling is entered within a specific number of days. See In re Amend. Fla. Rules of Crim. Pro. & Fla. Rules of App. Pro., 132 So. 3d 734 (Fla. 2013); In re Amend. Fla. Rules of Crim. Pro., 26 So. 3d 534 (Fla. 2009). According to the report, this puts the rendition of postconviction orders in question, and could result in the delayed filing of a notice of appeal and dismissal by the appellate court. See, e.g., Mincey v. State, 158 So. 3d 697 (Fla. 5th DCA 2015) (dismissing an appeal as untimely because the appellant failed to file a notice of appeal of an order denying rule 3.850 motions within 30 days from the date the court failed to issue an order on the appellant's motion for rehearing).

The amendments we adopt in this case resolve any conflict in the rules by removing the "deemed denied" language from the portions of rules 3.192, 3.800, and 3.850 where the language could cause confusion as to rendition. We also deleted the language in rule 3.850(j) (Rehearing) providing that "[a] timely filed motion for rehearing shall toll finality of any final order addressing a motion under this rule." According to the supplemental report filed by the CPR Committee and the ACR Committee, the committees determined the rule 3.850(j) tolling language was unnecessary because rule 9.020(i) provides that an authorized and timely motion for rehearing will delay rendition of any final order. Minor additional changes further clarify the criminal rules and conform them to rule 9.020(i).

Accordingly, we amend the Florida Rules of Criminal Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendment shall become effective immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[3]

---

3. All comments must be filed with the Court on or before August 10, 2015, with a certificate of service verifying that a copy has been served on the committee chairs, Honorable Samantha L. Ward, George Edgecomb Courthouse, 800 E. Twiggs Street, Suite 421, Tampa, Florida 33602-3549, wardsl@fljud13.org, and Wendy S. Loquasto, 1201 Hays Street, Suite 100, Tallahassee, Florida 32301-

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – The Florida Rules of Criminal Procedure

Judge Samantha Lee Ward, Chair, Criminal Procedure Rules Committee, Tampa, Florida; Wendy S. Loquasto, Chair, Appellate Court Rules Committee, Tallahassee, Florida; John F. Harkness, Jr., Executive Director, and Heather Savage Telfer, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

  for Petitioner

---

2683, and on the Bar Staff Liaison to the committees, Heather S. Telfer, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, htelfer@flabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The committee chairs have until August 31, 2015, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the E-Filing Portal in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a non-lawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

# APPENDIX

## RULE 3.192.    MOTIONS FOR REHEARING

When an appeal by the state is authorized by Florida Rule of Appellate Procedure 9.140, or sections 924.07 or 924.071, Florida Statutes, the state may file a motion for rehearing within 10 days of an order subject to appellate review. A motion for rehearing shall state with particularity the points of law or fact that, in the opinion of the state, the court has overlooked or misapprehended in its decision, and shall not present issues not previously raised in the proceeding. A response may be filed within 10 days of service of the motion. The trial court's order disposing of the motion for rehearing shall be filed within 15 days of the response but not later than 40 days from the date of the order of which rehearing is sought. ~~If no order is filed within 40 days, the motion is deemed denied.~~ A timely filed motion for rehearing shall toll rendition of the order subject to appellate review and the order shall be deemed rendered ~~40 days from the order of which rehearing is sought, or~~ upon the filing of a <u>signed,</u> written order denying the motion for rehearing~~, whichever is earlier~~. This rule shall not apply to post-conviction proceedings pursuant to rule 3.800(a), 3.850, 3.851, or 3.853. Nothing in this rule precludes the trial court from exercising its inherent authority to reconsider a ruling while the court has jurisdiction of the case.

## RULE 3.800.    CORRECTION, REDUCTION, AND MODIFICATION OF SENTENCES

**(a)**    **[No Change]**

**(b)**    **Motion to Correct Sentencing Error.** A motion to correct any sentencing error, including an illegal sentence, may be filed as allowed by this subdivision. This subdivision shall not be applicable to those cases in which the death sentence has been imposed and direct appeal jurisdiction is in the Supreme Court under article V, section 3(b)(1) of the Florida Constitution. The motion must identify the error with specificity and provide a proposed correction. A response to the motion may be filed within 15 days, either admitting or contesting the alleged error. Motions may be filed by the state under this subdivision only if the correction of the sentencing error would benefit the defendant or to correct a scrivener's error.

**(1)    Motion Before Appeal.** During the time allowed for the filing of a notice of appeal of a sentence, a defendant or the state may file a motion to correct a sentencing error.

(A)    This motion shall stay rendition under Florida Rule of Appellate Procedure 9.020(i).

(B)    Unless the trial court determines that the motion can be resolved as a matter of law without a hearing, it shall hold a calendar call no later than 20 days from the filing of the motion, with notice to all parties, for the express purpose of either ruling on the motion or determining the need for an evidentiary hearing. If an evidentiary hearing is needed, it shall be set no more than 20 days from the date of the calendar call. Within 60 days from the filing of the motion, the trial court shall file an order ruling on the motion. ~~If no order is filed within 60 days, the motion shall be considered denied.~~ A party may file a motion for rehearing of any <u>signed, written</u> order entered under subdivisions (a) and (b) of this rule within 15 days of the date of service of the order or within 15 days of the expiration of the time period for filing an order if no order is filed. A response may be filed within 10 days of service of the motion. The trial court's order disposing of the motion for rehearing shall be filed within 15 days of the response but not later than 40 days from the date of the order of which rehearing is sought. ~~If no order is filed within 40 days, the motion is deemed denied.~~ A timely filed motion for rehearing shall toll rendition of the order subject to appellate review and the order shall be deemed rendered ~~40 days from the order of which rehearing is sought, or~~ upon the filing of a <u>signed,</u> written order denying the motion for rehearing~~, whichever is earlier~~.

**(2)    [No Change]**

(A)    [No Change]

(B)    The trial court shall resolve this motion in accordance with the procedures in subdivision (b)(1)(B)<u>, except that if the trial court does not file an order ruling on the motion within 60 days, the motion shall be deemed denied. Similarly, if the trial court does not file an order ruling on a timely motion for rehearing within 40 days from the date of the order of which rehearing is sought, the motion for rehearing shall be deemed denied</u>.

(C)    [No Change]

**(c)　Reduction and Modification.** A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it, sua sponte, or upon motion filed, within 60 days after the imposition, or within 60 days after receipt by the court of a mandate issued by the appellate court on affirmance of the judgment and/or sentence on an original appeal, or within 60 days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, within 60 days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying certiorari. If review is upon motion, the trial court shall have 90 days from the date the motion is filed or such time as agreed by the parties or as extended by the trial court to enter an order ruling on the motion. ~~If no order is entered on the motion within 90 days or such time as extended by the parties or the trial court, the motion shall be deemed denied.~~ This subdivision shall not be applicable to those cases in which the death sentence is imposed or those cases in which the trial judge has imposed the minimum mandatory sentence or has no sentencing discretion.

**Committee Notes**

**[No Change]**

**Court Commentary**

**[No Change]**

**RULE 3.850.    MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

**(a) – (i)    [No Change]**

**(j)    Rehearing.** Any party may file a motion for rehearing of any order addressing a motion under this rule within 15 days of the date of service of the order. A motion for rehearing is not required to preserve any issue for review in the appellate court. A timely filed motion for rehearing shall toll finality of any final order addressing a motion under this rule. A motion for rehearing must be based on a good faith belief that the court has overlooked a previously argued issue of fact or law or an argument based on a legal precedent or statute not available prior to the court's ruling. A response may be filed within 10 days of service of the motion. The trial court's order disposing of the motion for rehearing shall be filed within 15 days of the response but not later than 40 days from the date of the order of which rehearing is sought. If no order is filed within 40 days, the motion is deemed denied.

**(k) – (n)    [No Change]**

**Committee Notes**

**[No Change]**

**Court Commentary**

**[No Change]**