# Third District Court of Appeal

## State of Florida

Opinion filed December 28, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2670
Lower Tribunal No. 15-26227

_____

## Derrick G. Amos,
Appellant,

vs.

## Alexander Reich,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

Derrick G. Amos, in proper person.

Paul Haralson P.A. and Paul Haralson, for appellee.

Before WELLS, LAGOA and LOGUE, JJ.

LAGOA, J.

### ON MOTION TO DISMISS

Appellant, Derrick G. Amos ("Amos"), appeals from a final judgment of foreclosure. Appellee, Alexander Reich ("Reich"), moves to dismiss the appeal as untimely. We grant the motion to dismiss.

In his motion, Reich argues that this Court is precluded from exercising its jurisdiction over this appeal because the Notice of Appeal was not filed within thirty days of rendition. Florida Rule of Appellate Procedure 9.020(i) provides that "[a]n order is rendered when a signed, written order is filed with the clerk of the lower tribunal." An order is rendered when all of these three conditions are met. Reich incorrectly asserts that the order on appeal was "rendered" on October 17, 2016. While the trial court signed the written order on October 17, 2016, the order was not filed with the clerk until October 19, 2016. As such, the order on appeal was not rendered until October 19, 2016—the date the order was filed with the clerk.

Notwithstanding Reich's miscalculation of the date of rendition, the motion to dismiss for untimeliness must be granted. Pursuant to Florida Rule of Appellate Procedure 9.110(b), an appeal from a final order must be taken within thirty days of rendition of the order appealed. Because the order was rendered on October 19, 2016, the thirty-day period to file the Notice of Appeal fell on November 18, 2016. Amos, however, filed his Notice of Appeal on November 21, 2016. "Under Rule 9.110, the '[f]ailure to file any notice within the 30-day period constitutes an irremediable jurisdictional defect.'" Rice v. Freeman, 939 So. 2d 1144, 1145 (Fla. 3d DCA 2006) (quoting Miami-Dade Cty. v. Peart, 843 So. 2d 363, 364 (Fla. 3d DCA 2003)).

Accordingly, the appeal is untimely and this Court lacks jurisdiction to entertain this appeal.

DISMISSED.