# Third District Court of Appeal

## State of Florida

Opinion filed April 26, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2650
Lower Tribunal Nos. 08-21731, 08-22479, 08-22491,
08-24743, 08-29745, 08-33667

_____

**Calvin Watkins,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Stacy Glick, Judge.

Calvin Watkins, in proper person.

Pamela Jo Bondi, Attorney General, and Eric J. Eves, Assistant Attorney General, for appellee.

Before SUAREZ, C.J., and LAGOA and LUCK, JJ.

LAGOA, J.

ON MOTION TO DISMISS

Calvin Watkins ("Watkins") appeals from an order denying his motion to correct illegal sentence and from an order denying his motion for rehearing. The State of Florida (the "State") moves to dismiss the appeal as untimely. We grant the motion to dismiss the appeal.

I. FACTUAL AND PROCEDURAL HISTORY

Pursuant to Florida Rule of Criminal Procedure 3.800(a), Watkins filed a motion to correct illegal sentence alleging that the trial court was without jurisdiction to find a violation of community control. The State served a response to the motion and Watkins filed a reply.

On September 28, 2016, the trial court entered a written order denying the motion to correct illegal sentence. The order was filed with the Clerk on the same date, and the certificate of service stamp on the order certifies that on September 30, 2016, the order was furnished to Watkins by mail.

On October 25, 2016, pursuant to the mailbox rule,[1] Watkins filed a motion for rehearing. In the motion for rehearing, Watkins asserted that "[o]n September

---

[1] Under the mailbox rule, a motion, petition, or notice of appeal is considered filed when placed in the hands of prison officials. See Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000) ("[S]ince an inmate loses control of his document after placing it in the hands of prison officials who may not timely mail the document, this Court has held that an inmate's document is deemed 'filed' when he or she places it in the hands of prison officials."); Haag v. State, 591 So. 2d 614, 617 (Fla. 1992). A review of the record establishes that Watkins gave his motion for rehearing to prison officials on October 25, 2016.

2

28, 2016, [the trial] Court entered an order summarily denying Watkins' [sic] 3.800(a) motion to correct illegal sentence." Watkins further asserted that "[t]he date of service was October 13, 2016" and therefore the motion for rehearing was "timely filed where, by rule, it is being filed within 15 days from the date of service." In support of his argument, Watkins attached the trial court's order. A review of the order attached to Watkins's motion for rehearing shows two stamps: (1) a certificate of service stamp from the deputy clerk stating that the order "has been furnished to" Watkins on September 30, 2016; and (2) another stamp dated October 13, 2016, from the same deputy clerk, which certifies that the document is a true and correct copy of the order.

On November 9, 2016, the trial court entered a written order denying Watkins's motion for rehearing. The certificate of service shows that a copy of the order denying the rehearing motion was furnished on November 30, 2016, by mail to Watkins.

On November 16, 2016, pursuant to the mailbox rule, Watkins filed a Notice of Appeal with this Court. In his Notice of Appeal, Watkins argued that although he had "never received an order denying his motion for rehearing" the motion was deemed denied, pursuant to Florida Rule of Criminal Procedure 3.850(j),[2] if no

_____

[2] While Watkins mistakenly cites to the Rule addressing motions filed under Florida Rule of Criminal Procedure 3.850, his motion to correct illegal sentence was filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Both rules contain the following identical language: "The trial court's order disposing of the

3

order was filed within forty days from the date of the order denying his motion to correct illegal sentence. Watkins further asserted that because the trial court denied his motion to correct illegal sentence on September 28, 2016, the trial court only had until November 8, 2016, to enter an order on the motion for rehearing.

In response to the Notice of Appeal and Watkins's initial brief, the State moved to dismiss the appeal for lack of jurisdiction. Specifically, the State argues that Watkins failed to file a timely motion for rehearing, and therefore the time to appeal the underlying September 28, 2016, order was not tolled. The State further argues that Watkins failed to appeal the September 28, 2016, order within thirty days from rendition of the order. We will address each argument separately.

II. ANALYSIS

Florida Rule of Appellate Procedure 9.110(b) requires the filing of a notice of appeal "within 30 days of rendition of the order to be reviewed." "Florida Rule

---

motion for rehearing shall be filed within 15 days of the response but not later than 40 days from the date of the order of which rehearing is sought." See Fla. R. Crim. P. 3.800(b)(1)(B); Fla. R. Crim. P. 3.850(j). In his Notice of Appeal, Watkins asserts that the motion for rehearing is deemed denied if no order is filed within the 40 days. This language was previously found in both Rule 3.800(b)(1)(B) and Rule 3.850(j), but that specific language was deleted by amendments to the Florida Rules of Criminal Procedure, which took effect immediately on June 11, 2015. See In re Amendments to the Florida Rules of Criminal Procedure, 167 So. 3d 395, 396 (Fla. 2015).

4

of Appellate Procedure 9.020(i) provides that '[a]n order is rendered when a signed, written order is filed with the clerk of the lower tribunal.' An order is rendered when all of these three conditions are met." See Amos v. Reich, 208 So. 3d 796, 796 (Fla. 3d DCA 2016). On September 28, 2016, the trial court signed the written order denying Watkins's 3.800 motion, and the order was filed with the clerk on the same date. As such, the order denying Watkins's motion to correct illegal sentence was rendered on September 28, 2016—the date the order was filed with the clerk.

Pursuant to Rule 3.800(b)(1)(B), a defendant may file a motion for rehearing of any signed, written order denying a Rule 3.800(a) motion. The motion for rehearing, however, must be timely as only a "timely filed motion for rehearing shall toll rendition of the order subject to appellate review." See Fla. R. Crim. P. 3.800(b)(1)(B). [3] A motion for rehearing is deemed timely under Rule 3.800 if filed "within 15 days of the date of service of the order or within 15 days of the expiration of the time period for filing an order if no order is filed." Id. "However, when the order is served by mail, Rule 3.070 provides that three days shall be added to this time period." Whipple v. State, 867 So. 2d 433 (Fla. 1st DCA 2004);

---

[3] Pursuant to Rule 3.800(b)(1)(B), the tolled signed, written order subject to appellate review is "deemed rendered upon the filing of a signed, written order denying the [timely] motion for rehearing."

see also Parks v. State, 126 So. 3d 352 (Fla. 3d DCA 2013).[4] Watkins filed his motion for rehearing on October 25, 2016.

In support of the argument that his motion for rehearing was timely, Watkins points to the two stamp marks located on the trial court's September 28, 2016, order attached to his Notice of Appeal. One stamp mark shows a certificate of service stamp from a deputy clerk that certifies that the order had "been furnished" to Watkins on September 30, 2016. The other stamp mark dated October 13, 2016, from the same deputy clerk certifies that the document is a true and correct copy of the order. In his response to the State's motion to dismiss, Watkins relies on this second stamp mark to support his argument that the rehearing motion is timely. This second stamp mark, however, fails to support the timeliness argument as it does not reflect a date of service. Indeed, the law is clear that it is the certificate of service that establishes the presumptive date of service. See Neal v. State, 915 So. 2d 746, 747 (Fla. 5th DCA 2005). The second stamp mark dated October 13, 2016, only establishes that the order attached to the notice of appeal is a certified copy of the original order. As such, we find that the presumptive date of service

---

[4] Florida Rule of Criminal Procedure 3.070 provides:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other document on the party and the notice or document is served on the party by mail, when permitted, or e-mail, 3 days shall be added to the prescribed period.

6

for the order denying Watkins's motion to correct illegal sentence is September 30, 2016.

Because the trial court's September 28, 2016, order was mailed, Watkins had 18 days from the September 30, 2016, service date to file a timely motion for rehearing. Watkins therefore had until October 18, 2016, to file a timely motion for rehearing. Since Watkins filed his motion for rehearing on October 25, 2016, we find that the motion for rehearing was not timely filed and thus did not toll rendition of the September 28, 2016, order denying Watkins's motion for illegal sentence. See Parks, 126 So. 3d at 352; Reid v. Cooper, 955 So. 2d 31, 32 (Fla. 3d DCA 2007); Smartmays v. State, 937 So. 2d 712, 713 (Fla. 5th DCA 2006); Jones v. State, 838 So. 2d 659, 660 (Fla. 5th DCA 2003).

Because Watkins filed an untimely motion for rehearing, we focus our inquiry on whether Watkins filed a timely Notice of Appeal. Rule 9.110(b) requires that an appeal from a final order must be taken within thirty days of rendition of the order appealed. The order denying the motion to correct illegal sentence was rendered on September 28, 2016, and Watkins had thirty days from rendition of the order to file a timely notice of appeal. The thirty-day period to file the Notice of Appeal fell on October 28, 2016. Watkins filed his Notice of Appeal on November 16, 2016. "Under Rule 9.110, the '[f]ailure to file any notice within the 30-day period constitutes an irremediable jurisdictional defect.'" Amos, 208

7

So. 3d at 796 (quoting <u>Rice v. Freeman</u>, 939 So. 2d 1144, 1145 (Fla. 3d DCA 2006)).

III.    <u>CONCLUSION</u>

Because Watkins's motion for rehearing was untimely, it failed to toll rendition of the trial court's September 28, 2016, order denying his motion to correct illegal sentence. Watkins's November 16, 2016 Notice of Appeal therefore was not filed within thirty days from rendition of the trial court's September 28, 2016, order. As such, this Court lacks jurisdiction to entertain this appeal, and we dismiss this appeal for lack of jurisdiction. The dismissal is without prejudice to Watkins filing a petition for belated appeal pursuant to Florida Rule of Appellate Procedure 9.141(c).[5] <u>See</u> <u>Floyd v. State</u>, 880 So. 2d 796 (Fla. 1st DCA 2004).

Dismissed without prejudice.

---

[5] If Watkins files a belated appeal, he bears the burden of pleading and proving the order was not actually served on him until October 13, 2016, as alleged in his motion for rehearing. <u>See</u> <u>Neal</u>, 915 So. 2d at 747.