# Third District Court of Appeal

## State of Florida

Opinion filed July 26, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1714
Lower Tribunal Nos. 10-20823 & CSE 1235443221

_____

**The State of Florida, etc.,**
Appellant,

vs.

**Elifet J. Dorce,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Martin Shapiro and Arthur Rothenberg, Senior Judges.

Pamela Jo Bondi, Attorney General, and Toni C. Bernstein, Senior Assistant Attorney General (Tallahassee), for appellant.

Elifet J. Dorce, in proper person.

Before ROTHENBERG, C.J., and SUAREZ and SCALES, JJ.

SUAREZ, J.

The Department of Revenue ["DOR"] appeals from the denial of its motion to vacate an order granting modification of child support. We reverse the order, and remand for a determination on the merits of the motion to vacate.

In August of 2015, the trial court set the Father's, Elifet Dorce, monthly child support obligation at $951.64. He did not move for rehearing or to vacate, and did not appeal. In October of 2015, Dorce filed a petition for modification of child support. He did not allege any change in circumstances, but merely claimed he was unable to pay the ordered monthly support.

At the January 2016 hearing on Dorce's petition, both parties submitted financial affidavits, but the record indicates Dorce did not argue a substantial change in circumstances necessary to justify a downward modification, pursuant to section 61.30(b), Florida Statues (2016). The court applied the guidelines and came up with a reduced support obligation of $835.91, and granted Dorce's petition for modification of child support. That order was signed on February 22, 2016, but not rendered until March 1, 2016.

The DOR filed its motion to vacate the Modification Order on March 9, 2016. The trial court denied it as untimely filed, because the court erroneously used the date the order was signed, rather than the date it was rendered to determine timeliness. That was error.

The DOR's motion to vacate was timely filed on March 9, 2016. The record shows that, while the trial court signed the underlying written order on February 22, 2016, the order was not filed with the clerk of court until March 1, 2016. As such, the order on appeal was not "rendered" for purposes of the ten-day filing period for a motion to vacate until

2

March 1, 2016, the date the order was filed with the clerk. Fla. R. Civ. P. 9.020(i) (2016) provides that "[a]n order is rendered when a signed, written order is filed with the clerk of the lower tribunal." See e.g. Amos v. Reich, 208 So. 3d 796 (Fla. 3d DCA 2016). Therefore, the DOR's motion to vacate was timely filed within ten days from the date the child support modification order was rendered.[1] Although the Family Law Rule uses the language "date of entry," this does not contradict FRCP 9.020's definition of rendition. Finally, the DOR's appeal from the modification order is premature. The trial court must first address the substance of the DOR's arguments on its motion to vacate the modification order. We therefore reverse the order denying the DOR's motion to vacate the order granting modification of child support and remand with instructions to determine the merits of the motion.

---

[1] Florida Family Law Rule of Procedure 12.491(f) provides, in part: Entry of Order and Relief from Order. Upon receipt of a recommended order, the court shall review the recommended order and shall enter an order promptly unless good cause appears to amend the order, conduct further proceedings, or refer the matter back to the hearing officer to conduct further proceedings. Any party affected by the order may move to vacate the order by filing a motion to vacate within 10 days from the date of entry.