# Supreme Court of Florida

_____

No. SC17-1522
_____

**IN RE:  AMENDMENTS TO FLORIDA
RULE OF CRIMINAL PROCEDURE 3.192.**

[November 9, 2017]

PER CURIAM.

This matter is before the Court for consideration of the out-of-cycle report of The Florida Bar's Criminal Procedure Rules Committee seeking clarification of the most recent amendments to Florida Rule of Criminal Procedure 3.192 (Motions for Rehearing).  See Fla. R. Jud. Admin. 2.140(e).  We have jurisdiction.  See art. V, § 2(a), Fla. Const.

Florida Rule of Criminal Procedure 3.192 pertains to motions for rehearing in non-postconviction relief cases.  The rule was first adopted in 2009 in case number SC09-159 and became effective January 1, 2010.  See In re Amends. to Fla. R. Crim. Pro., 26 So. 3d 534 (Fla. 2009).  Rule 3.192 has been amended twice since, in two separate cases in 2015.  See In re Amends. to Fla. R. Crim. Pro., 167 So. 3d 395 (Fla. 2015) (Case No. SC15-290; effective June 11, 2015); In re

Amends. to Fla. R. Crim. Pro., 188 So. 3d 764 (Fla. 2015) (Case No. SC15-177; effective Jan. 1, 2016).

Inadvertently, the amendments that were adopted and made effective in Case No. SC15-290 on June 11, 2015, were not included in rule 3.192 as subsequently amended in Case No. SC15-177 and issued on October 29, 2015. To clarify the 2015 amendments to rule 3.192, the Court reiterates what language was deleted or added to the rule, as discussed below.

In the first opinion amending rule 3.192 in 2015, In re Amendments to the Florida Rules of Criminal Procedure, 167 So. 3d 395 (Fla. 2015), the rule was amended as follows including the deleted language in struck-through text and the new language as underlined:

**RULE 3.192.        MOTIONS FOR REHEARING**

When an appeal by the state is authorized by Florida Rule of Appellate Procedure 9.140, or sections 924.07 or 924.071, Florida Statutes, the state may file a motion for rehearing within 10 days of an order subject to appellate review. A motion for rehearing shall state with particularity the points of law or fact that, in the opinion of the state, the court has overlooked or misapprehended in its decision, and shall not present issues not previously raised in the proceeding. A response may be filed within 10 days of service of the motion. The trial court's order disposing of the motion for rehearing shall be filed within 15 days of the response but not later than 40 days from the date of the order of which rehearing is sought. ~~If no order is filed within 40 days, the motion is deemed denied.~~ A timely filed motion for rehearing shall toll rendition of the order subject to appellate review and the order shall be deemed rendered ~~40 days from the order of which rehearing is sought, or~~ upon the filing of a <u>signed,</u> written order denying the motion for rehearing~~, whichever is earlier~~. This rule shall

not apply to post-conviction proceedings pursuant to rule 3.800(a), 3.850, 3.851, or 3.853. Nothing in this rule precludes the trial court from exercising its inherent authority to reconsider a ruling while the court has jurisdiction of the case.

Id. at 397.

In the second opinion amending rule 3.192 in 2015, In re Amendments to the Florida Rules of Criminal Procedure, 188 So. 3d 764 (Fla. 2015), the rule was amended as follows including the deleted language in struck-through text and the new language as underlined:

### RULE 3.192. MOTIONS FOR REHEARING

When an appeal by the state is authorized by Florida Rule of Appellate Procedure 9.140, or sections 924.07 or 924.071, Florida Statutes, the state may file a motion for rehearing within 10 days of an order subject to appellate review. A motion for rehearing shall state with particularity the points of law or fact that, in the opinion of the state, the court has overlooked or misapprehended in its decision, and shall not present issues not previously raised in the proceeding. A response may be filed within 10 days of service of the motion. The trial court's order disposing of the motion for rehearing shall be filed within 15 days of the response but not later than 40 days from the date of the order of which rehearing is sought. If no order is filed within 40 days, the motion is deemed denied. A timely filed motion for rehearing shall toll rendition of the order subject to appellate review and the order shall be deemed rendered 40 days from the order of which rehearing is sought, or upon the filing of a written order denying the motion for rehearing, whichever is earlier. This rule shall not apply to ~~post-conviction~~postconviction proceedings pursuant to rule 3.800(a), 3.801, 3.850, 3.851, or 3.853. Nothing in this rule precludes the trial court from exercising its inherent authority to reconsider a ruling while the court has jurisdiction of the case.

Id. at 771.

As evident in reviewing the language of the latter rule amendment, the amendments previously adopted were not included in the subsequent opinion. Accordingly, based upon the amendments adopted by the Court in Case Nos. SC15-290 and SC15-177, rule 3.192 should read as follows:

**RULE 3.192.        MOTIONS FOR REHEARING**

When an appeal by the state is authorized by Florida Rule of Appellate Procedure 9.140, or sections 924.07 or 924.071, Florida Statutes, the state may file a motion for rehearing within 10 days of an order subject to appellate review.  A motion for rehearing shall state with particularity the points of law or fact that, in the opinion of the state, the court has overlooked or misapprehended in its decision, and shall not present issues not previously raised in the proceeding.  A response may be filed within 10 days of service of the motion.  The trial court's order disposing of the motion for rehearing shall be filed within 15 days of the response but not later than 40 days from the date of the order of which rehearing is sought.  A timely filed motion for rehearing shall toll rendition of the order subject to appellate review and the order shall be deemed rendered upon the filing of a signed, written order denying the motion for rehearing.  This rule shall not apply to postconviction proceedings pursuant to rule 3.800(a), 3.801, 3.850, 3.851, or 3.853.  Nothing in this rule precludes the trial court from exercising its inherent authority to reconsider a ruling while the court has jurisdiction of the case.

Rule 3.192, as amended in the Court's prior opinions, is shown fully engrossed in the Appendix to this opinion.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Criminal Procedure

Judge Jon Berkley Morgan, Chair, Criminal Procedure Rules Committee, Kissimmee, Florida; and John F. Harkness, Jr., Executive Director, and Heather Savage Telfer, Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

# APPENDIX

## RULE 3.192. MOTIONS FOR REHEARING

When an appeal by the state is authorized by Florida Rule of Appellate Procedure 9.140, or sections 924.07 or 924.071, Florida Statutes, the state may file a motion for rehearing within 10 days of an order subject to appellate review. A motion for rehearing shall state with particularity the points of law or fact that, in the opinion of the state, the court has overlooked or misapprehended in its decision, and shall not present issues not previously raised in the proceeding. A response may be filed within 10 days of service of the motion. The trial court's order disposing of the motion for rehearing shall be filed within 15 days of the response but not later than 40 days from the date of the order of which rehearing is sought. A timely filed motion for rehearing shall toll rendition of the order subject to appellate review and the order shall be deemed rendered upon the filing of a signed, written order denying the motion for rehearing. This rule shall not apply to postconviction proceedings pursuant to rule 3.800(a), 3.801, 3.850, 3.851, or 3.853. Nothing in this rule precludes the trial court from exercising its inherent authority to reconsider a ruling while the court has jurisdiction of the case.