DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WESLEY PAUL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3469

[January 9, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ernest A. Kollra, Judge; L.T. Case Nos. 08-10007CF10B, 09-18113CF10A, 009-18114CF10A and 10-20584CF10A.

Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Brooke Moody, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant appeals his sentence and the denial of his motion to correct a sentencing scoresheet error, filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(1). He claims that his original scoresheet was incorrect, leading to a greater sentence, which error was not corrected on resentencing. Because of the original scoresheet error, appellant also sought resentencing for a conviction which was not ordered to be resentenced by this court in his prior appeal. We affirm the resentencing and denial of the motion to correct sentencing error, as the court was provided the corrected sentencing scoresheet when determining appellant's sentences on the convictions that were challenged and reversed on appeal. As to the undisturbed conviction and sentence, it was not part of the resentencing, and the motion filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(1) did not apply to that sentence.

In four separate cases, appellant, Wesley Paul, was charged with multiple counts of organized fraud, grand theft, fraudulent use of personal identification information, and structuring currency transactions to evade

reporting or registration requirements. All of these counts are either second or third degree felonies, except for one first degree felony count. Appellant entered an open plea as to all four cases, and in exchange, the State filed a nolle prosequi of many of the charges against him.

In June 2012, the court held a sentencing hearing. For appellant's remaining second degree felony charges, his counsel moved for a downward departure sentence. Appellant's crimes involved identity theft and telemarketing timeshare resales, and there were about ninety-seven victims, many of whom were elderly. The court denied appellant's request for a downward departure sentence. Appellant's lowest permissible sentence on the sentencing scoresheet was 138.45 months. The court sentenced him to 140 months in prison (11.67 years) followed by ten years of probation, to be served concurrently for all of the counts, including the first degree felony.

Appellant filed a Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence in 2014, contending that the second degree felony sentences were illegal as the combined prison and probation time exceeded the statutory maximum of fifteen years for a second degree felony. The trial court denied the motion, and Paul appealed.

In *Paul v. State*, 195 So. 3d 420, 421 (Fla. 4th DCA 2016), this court reversed, as the State conceded that his sentence on the second degree felonies did exceed the statutory maximum. In our opinion, we ordered resentencing as to those convictions but specifically noted that the opinion did not disturb the first degree felony sentence.

The court held a resentencing hearing in April 2017, at which appellant was represented by counsel. At the very beginning of the hearing, counsel informed the court that the original scoresheet contained an error which would affect sentencing for all convictions, including the first degree felony. Appellant had wrongfully been scored for four grand theft convictions in Collier County, when there was actually only one conviction. Defense counsel informed the court that the prosecutor had prepared a new corrected scoresheet which reflected a lowest permissible sentence of 118 months. Counsel requested the court to consider resentencing on both the second degree and first degree felony counts, given the scoresheet error. The prosecutor objected to any resentencing on the first degree felony because the appellate mandate had specifically excluded it. The trial court agreed that it could not resentence on the first degree felony and recommended the filing of a motion directed to that sentence for the court to consider.

The court then proceeded to consider the resentence on the second degree felonies. When the prosecutor stated that the original sentencing judge had not considered the lowest permissible sentence when imposing the original 140 month sentence, Paul objected and, after being sworn, stated that the judge had specifically sentenced him close to the bottom of the scoresheet's lowest permissible sentence, and that appeared in the transcript of the sentencing hearing. Noting that, the prosecutor stated that if the court wanted a completely new sentencing, there were nearly 100 victims who would need to be contacted. The prosecutor also asked the court to review the presentence investigation report and stated that the court might find that the original sentence was too lenient.

The court agreed with the prosecutor and returned to sentencing on the second degree felonies. It determined that it would maintain the same prison time at 140 months but reduce the probation to forty months to bring the total sentence within the fifteen-year maximum. Defense counsel suggested less prison time so that the appellant could get out and make restitution to the victims. The court rejected that request, as the original trial judge had not agreed that restitution was more important than punishment. Having read the entire file, the court believed that the original sentencing judge would have reduced the probationary period rather than the prison time were that judge deciding the resentencing. It is also clear that the court had the revised sentencing scoresheet showing a lowest permissible sentence of 118 months, as defense counsel asked the court for a copy of it to use in a motion directed to the first degree felony and again noted to the court that the lowest permissible sentence was 118 months, not the 138 months on the original scoresheet.

On the day after the sentencing hearing, appellant filed a pro se rule 3.800(b)(1) motion to correct sentencing error. He contended that the original scoresheet included extra prior record points that increased his lowest permissible sentence, and he was entitled to be resentenced for all counts based on a corrected scoresheet. One day after appellant filed his motion, his attorney withdrew as counsel because appellant wished to represent himself. Three days later, the court issued an order requiring the State to respond to the defendant's motion within ninety days. The State, however, did not respond for about six months. In it, the State argued that the trial court lacked jurisdiction because it had not ruled on the motion within sixty days under Rule 3.800(b)(1), and appellant should have filed a notice of appeal, as the trial court lost jurisdiction. Further, it argued that the motion was legally insufficient and should be denied. In November 2017, the trial court adopted the State's response and denied the motion. Appellant timely filed a notice of appeal from the date of the

denial of the Rule 3.800(b)(1).  This court treated the appeal as one from the resentencing pursuant to Florida Rule of Appellate Procedure 9.140.

Before addressing the merits, we must explain the procedural posture of this appeal, as it appears that the State and the trial court are relying on an older version of rule 3.800(b)(1) in determining that the motion to correct the sentencing error was "deemed denied" once the trial court did not rule within sixty days.  Rule 3.800(b)(1) (2016) currently provides:

> **(b) Motion to Correct Sentencing Error.**  A motion to correct any sentencing error, including an illegal sentence or incorrect jail credit, may be filed as allowed by this subdivision. . . .
>
> (1) *Motion Before Appeal.*  During the time allowed for the filing of a notice of appeal of a sentence, a defendant or the state may file a motion to correct a sentencing error.
>
> (A) This motion shall stay rendition under Florida Rule of Appellate Procedure 9.020(i).
>
> (B) Unless the trial court determines that the motion can be resolved as a matter of law without a hearing, it shall hold a calendar call no later than 20 days from the filing of the motion, with notice to all parties, for the express purpose of either ruling on the motion or determining the need for an evidentiary hearing.  If an evidentiary hearing is needed, it shall be set no more than 20 days from the date of the calendar call.  Within 60 days from the filing of the motion, the trial court **shall file an order** ruling on the motion.  A party may file a motion for rehearing of any signed, written order entered under subdivisions (a) and (b) of this rule within 15 days of the date of service of the order or within 15 days of the expiration of the time period for filing an order if no order is filed.  A response may be filed within 10 days of service of the motion.  The trial court's order disposing of the motion for rehearing shall be filed within 15 days of the response but not later than 40 days from the date of the order of which rehearing is sought.  A timely filed motion for rehearing shall toll rendition of the order subject to appellate review and the order shall be deemed rendered upon the filing of a signed, written order denying the motion for rehearing.

(first emphasis in original; second emphasis added).  This version of the rule became effective in 2016 and removed prior language that a rule

4

3.800(b)(1) motion to correct any sentencing error is "deemed denied" when not ruled on within sixty days. As the supreme court stated:

> the amendments are intended to resolve a conflict between the Rules of Criminal Procedure and the Rules of Appellate Procedure as to when a postconviction order is rendered for purposes of appeal. As relevant here, under Florida Rule of Appellate Procedure 9.020(i), "[a]n order is rendered when a signed, written order is filed with the clerk of the lower tribunal." As recently amended, postconviction rules 3.192, 3.800, and 3.850 permit motions for rehearing of orders issued under those rules to be "deemed denied" if no ruling is entered within a specific number of days. *See In re Amend. Fla. Rules of Crim. Pro. & Fla. Rules of App. Pro.*, 132 So. 3d 734 (Fla. 2013); *In re Amend. Fla. Rules of Crim. Pro.*, 26 So. 3d 534 (Fla. 2009). According to the report, this puts the rendition of postconviction orders in question, and could result in the delayed filing of a notice of appeal and dismissal by the appellate court. *See, e.g.*, *Mincey v. State*, 158 So. 3d 697 (Fla. 5th DCA 2015) (dismissing an appeal as untimely because the appellant failed to file a notice of appeal of an order denying rule 3.850 motions within 30 days from the date the court failed to issue an order on the appellant's motion for rehearing).

> The amendments we adopt in this case resolve any conflict in the rules by removing the "deemed denied" language from the portions of rules 3.192, 3.800, and 3.850 where the language could cause confusion as to rendition.

*In re Amend. to Fla. Rules of Crim. Pro.*, 167 So. 3d 395, 396 (Fla. 2015). Thus, to conform to the appellate rules, a signed, written order is required to complete rendition, and according to Rule 3.800(b)(1)(A), the motion is tolled until a signed written order is obtained, even where the trial court extends the time for the State to respond to the motion and fails to rule within sixty days. In this case, the order denying the timely filed motion to correct sentencing error was not filed until November 2017, and the notice of appeal is timely as to the resentencing judgment of April 2017. This also disposes of the State's incorrect argument that the motion was moot for failure of the trial court to rule within sixty days.

This case, however, is solely an appeal from the resentencing of the second degree felonies. Only those were subject to resentencing, and therefore, the motion to correct the sentencing error tolled rendition as to

that resentencing. Appellant's motion specifically stated that it was filed pursuant to Rule 3.800(b)(1) to preserve a sentencing error for appeal if filed within thirty days of the sentence. We do not address the claim of scoresheet error as applied to the original sentencing on the first degree felony because it was not remanded for resentencing.

As to the resentencing on the second degree felonies, the motion is legally insufficient. The motion claims that the original sentencing scoresheet was incorrect, but it does not challenge the scoresheet presented at the resentencing. That scoresheet was correct and acknowledged by the trial court. The record does not suggest that the court did not understand that the scoresheet provided a revised lowest permissible sentence which was lower than the original scoresheet. The court determined to leave the same prison sentence, even with the corrected scoresheet, based upon the court's review of the entire record. There was no requirement or obligation for the trial court to reduce the sentence to the lowest permissible sentence, particularly under the facts of this case with nearly 100 victims. Because there was no error in the scoresheet used in the resentencing, the court correctly denied appellant's motion. There is no other error alleged in the sentence. Therefore, the court's ruling must be affirmed.

*Affirmed.*

DAMOORGIAN and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***