# Supreme Court of Florida

_____

No. SC2024-1171

_____

**IN RE: AMENDMENTS TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.802.**

February 20, 2025

PER CURIAM.

The Florida Bar's Criminal Procedure Rules Committee filed a report proposing amendments to Florida Rule of Criminal Procedure 3.802 (Review of Sentences for Juvenile Offenders).[1] The Committee and The Florida Bar's Board of Governors unanimously approved the proposed amendments. The Court published the proposal, and no comments were received.

We amend rule 3.802 as proposed by the Committee with a slight modification. The language we adopt as new subdivision (e) is modeled after the rehearing language found in rule 3.850(j) and clarifies that rehearing is authorized under rule 3.802. However,

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).

we decline to adopt the last sentence of the Committee's proposed new subdivision (e) because we have removed similar language in other rules. *E.g.*, *In re Amends. to Fla. Rules of Crim. Proc.*, 167 So. 3d 395, 396 (Fla. 2015) (removing the "deemed denied" language from rules 3.192, 3.800, and 3.850 to resolve any conflict in the rules that could cause confusion as to rendition). Additionally, editorial changes are made throughout the rule in accord with *In re Guidelines for Rules Submissions*, Florida Administrative Order No. AOSC22-78 (Fla. Oct. 24, 2022).

The Court hereby amends the Florida Rules of Criminal Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments to the rule shall become effective April 1, 2025, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Criminal Procedure

Hon. Laura E. Ward, Chair, Criminal Procedure Rules Committee, Tampa, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Michael Hodges, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

**APPENDIX**

**RULE 3.802. REVIEW OF SENTENCES FOR JUVENILE OFFENDERS**

**(a) Application.** A juvenile offender, as defined in section 921.1402(1), Florida Statutes, may seek a modification of sentence ~~pursuant to~~under section 921.1402, Florida Statutes, by submitting an application to the trial court requesting a sentence review hearing.

**(b) Time for Filing.** An application for sentence review may not be filed until the juvenile offender becomes eligible ~~pursuant to~~under section 921.1402(2), Florida Statutes. A juvenile offender becomes eligible:

(1) after 25 years, if the juvenile offender is sentenced to life under section 775.082(1)(b)1., Florida Statutes, or to a term of more than 25 years under sections 775.082(3)(a)5.a. or 775.082(3)(b)2.a., Florida Statutes; ~~or~~

(2) – (3) [No Change]

**(c)** [No Change]

**(d) Procedure; Evidentiary Hearing; Disposition.** ~~Upon~~On application from an eligible juvenile offender, the trial court ~~shall~~must hold a sentence review hearing to determine whether the juvenile offender's sentence should be modified. If the application, files, and records in the case conclusively show that the applicant does not qualify as a juvenile offender under section 921.1402(1), Florida Statutes, or that the application is premature, the court may deny the application without a hearing, and ~~shall~~must attach such documents to the order. If an application is denied as premature, the denial ~~shall~~must be without prejudice.

(1) At the sentence review hearing, the court ~~shall~~must consider the following factors when determining if it is appropriate to modify the juvenile offender's sentence:

(A) – (J)     [No Change]

(2)     If the court determines at a sentence review hearing that the juvenile offender has been rehabilitated and is reasonably believed to be fit to reenter society, the court ~~shall~~must modify the sentence and impose a term of probation of at least 5 years. If the court determines that the juvenile offender has not demonstrated rehabilitation, or is not fit to reenter society, the court ~~shall~~must issue a written order stating the reasons why the sentence is not being modified.

**(e)     Rehearing.** Any party may file a motion for rehearing of any order addressing a motion under this rule within 15 days of the date of service of the order. A motion for rehearing is not required to preserve any issue for review in the appellate court. A motion for rehearing must be based on a good faith belief that the court has overlooked a previously argued issue of fact or law or an argument based on a legal precedent or statute not available prior to the court's ruling. A response may be filed within 10 days of service of the motion. The trial court's order disposing of the motion for rehearing must be filed within 15 days of the response but not later than 40 days from the date of the order of which rehearing is sought.

**(e̲f̲)     Successive Applications.** A second or successive application ~~shall~~must be denied without a hearing, except under the following circumstances:

(1)     [No Change]

(2)     ~~pursuant to~~under section 921.1402(2)(d), Florida Statutes, the initial application was submitted by a juvenile offender sentenced to a term of 20 years or more under section 775.082(3)(c), Florida Statutes, and more than 10 years has elapsed since the initial sentence review hearing.

**(f̲g̲)     Jurisdiction.** The sentencing court ~~shall~~ retain s̲ original jurisdiction for the duration of the sentence for the purpose of a sentence review hearing.

**(g<u>h</u>)  Right to Counsel.** A juvenile offender who is eligible for a sentence review hearing under section 921.1402(5), Florida Statutes, is entitled to be represented by counsel, and the court ~~shall~~<u>must</u> appoint a public defender to represent the juvenile offender if the juvenile offender cannot afford an attorney.